**UNITED STATES of America**

v.

**James H. EISENHARDT.**

**Civ. No. Y–76–1564.**

United States District Court,
D. Maryland.

May 24, 1977.

248

Mikal H. Frey, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

James H. Eisenhardt in pro. per.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

This action is brought by the United States of America pursuant to Sections 1340 and 1345 of Title 28, United States Code, and Section 7402 of Title 26, United States Code, to reduce to judgment a sum of monies representing taxes and penalties and interest allegedly owed the United States by the defendant, James H. Eisenhardt. The defendant has moved to dismiss the action on the grounds that he was not given statutorily sufficient notice of tax deficiency as required under the Internal Revenue Code, 26 U.S.C. § 6212(a), and that as a result the assessment of his tax liability prepared by the government is not enforceable.

Notice of tax deficiency is a prerequisite to the Internal Revenue Service's power to make an assessment and collection. 26 U.S.C. § 6213(a). *Luhring v. Glotzbach,* 304 F.2d 556 (4th Cir. 1962). If notice is sent to the "last known address" of the taxpayer, it is sufficient under the statute even if the taxpayer does not in fact receive actual notice, provided that the notice is sent by certified or registered mail. 26 U.S.C. § 6212(a) & (b).

Notice of tax deficiency was sent to the defendant by registered mail in a letter dated April 10, 1969, addressed to 1608 Northeast 20th Avenue, Fort Lauderdale, Florida 33308. The unopened letter was returned by the postal service to the sender, the Internal Revenue office in Jacksonville, Florida, marked "Moved, left no forwarding address" and postmarked April 29, 1969. The government, in its response to the defendant's motion to dismiss, claims that the Fort Lauderdale, Florida address was the "last known address" of the defendant at that time. The defendant, in his uncontroverted affidavit accompanying his motion to dismiss, states that he was interviewed by an Internal Revenue agent at that address on or about February 25, 1969 for purposes of discussing his tax situation and that the agent was told by him (Eisenhardt) that he had been convicted of an (unrelated) federal offense, had been sentenced to five years in prison, would be turning himself in to the United States Marshal *on March 3, 1969* and would be imprisoned in the United States penitentiary in Atlanta, Georgia, thereafter. Notwithstanding that information, the *April 10, 1969* notice of deficiency was mailed to the Fort Lauderdale address.

In its memorandum the government argues that the failure of the defendant to leave a forwarding address "even though he apparently expected a statutory notice of deficiency, as evidenced by his allegation that he informed a revenue officer of his pending incarceration" and the failure of the defendant to inform the Internal Revenue Service what prison he was in support a finding that the Fort Lauderdale address

was the last known address. This argument is without merit.

In *Luhring v. Glotzbach, supra,* a case which the government cites in its opposing memorandum, the court held that a mailing to the address on the taxpayer's last tax return was sufficient when the "local officials have no knowledge of a change of address". *Id.,* at 559. In *Cohen v. United States,* 297 F.2d 760 (9th Cir. 1962), which the government also cites as authority, the court was concerned with two separate incidents involving notice of deficiencies. In the first, a "90 day letter" was sent to Cohen at the address where his wife, a joint taxpayer on the returns in question, still resided. The notice, which had not been sent by certified or registered mail and had not been returned to the sender, was never received, according to the defendant. No duplicate notice had been sent to him at the local jail where he was housed temporarily. The court held that Mr. Cohen had two addresses at the time, with the jail address being "temporary" by virtue of the fact that he would be transferred to a federal institution to serve time on a federal conviction. Under the provisions of the Internal Revenue Code governing notice of deficiency in a joint tax return situation, 26 U.S.C. § 6212(b)(2), notice sent to the address where Mrs. Cohen resided was sufficient. In the incident involving the second notice of tax deficiency, the court held that notice sent to the same home address was still sufficient, under the same provision of the Code, even though the wife had moved, because neither she nor her husband informed the Internal Revenue Service of any change. The circumstances of the joint tax return were determinative, although the government was aware that Cohen had taken up residence in a federal penitentiary at MacNeil Island.

The *Cohen* case is readily distinguishable from the one under consideration. In the instant case, there is no allegation that there is a joint tax return involved, and therefore the provisions of 26 U.S.C. § 6212(b) cannot be relied upon, and there is further the defendant's uncontroverted assertion that he did tell a local IRS agent of the forthcoming change in his residence from Fort Lauderdale to the federal penitentiary in Atlanta, Georgia, a location familiar to the government.

A case more applicable to the defendant's situation is *DiViaio v. Commissioner of Internal Revenue* 539 F.2d 231 (D.C. Cir. 1976), where the court held that when a defendant had been incarcerated in the Atlanta, Georgia penitentiary (in his case for two years) and "his address in the Atlanta Penitentiary was well known" to the government, mailing of a duplicate notice to a former address was not sufficient notice under the statute. The court quoted from *Cohen, supra,* where that court stated: "The Commissioner or one of his agents may learn that the taxpayer has changed his address, or he may be so advised by the taxpayer. In such a case he must use the new address". *Cohen* at 773. *See also Kennedy v. United States,* 403 F.Supp. 619 (W.D.Mich.1975), where the court noted that various characterizations had been put by courts on the term "last known address". The judge in *Kennedy* concluded:

> It is best seen as the address which the Internal Revenue Service reasonably believed the taxpayer wished it to use . . However, the Commissioner is required to exercise reasonable care and diligence in ascertaining and mailing a deficiency notice to the correct address of the person or persons to whom the statutory notice must be sent.

*Id.,* at 623. *See also, United States v. Lehigh,* 201 F.Supp. 224, 227 (W.D.Ark.1961) (". . . if after the return is filed, the Government learns that the taxpayer has moved and has acquired a new address, the notice must be sent to that address . . When a notice of deficiency is to be given, the Commissioner is required to exercise ordinary care to ascertain the correct address of a taxpayer and to mail the notice to that address".)

Because the defendant in this action informed an Internal Revenue agent responsible for his case that he (the defendant) would be located in the federal peni-

250

tentiary in Atlanta, Georgia on or shortly after March 3, 1969 this knowledge is imputable to the Commissioner on whose behalf the government has brought this case. The Court finds that the last known address of the defendant as of the date of the notice, April 10, 1969, was the federal penitentiary in Atlanta, Georgia and that sufficient notice of a tax deficiency was not provided the defendant by the mailing to the Fort Lauderdale address. Without proper notice, the subsequent assessment of penalties and interest became a nullity. For that reason the defendant's motion to dismiss this action, accompanied by an affidavit, is properly considered as a motion for summary judgment under Rule 56 F.R. Civ.P., and will be granted.

For the aforementioned reasons it is this 24th day of May, 1977 by the United States District Court for the District of Maryland, ORDERED:

1. That summary judgment for the defendant be, and the same is, hereby GRANTED; and

2. That the complaint on behalf of the plaintiff be, and the same is, hereby DISMISSED.