ROY KEETON AND SHIRLEY K. KEETON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7955–77.    Filed May 21, 1980.

*Gerald W. Dykes,* for the petitioners.

*Bernard B. Kornmehl* and *Elizabeth DePriest,* for the respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to and heard by Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for lack of jurisdiction and petitioners' cross-motion to dismiss for lack of jurisdiction. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* On August 25, 1977, respondent filed a "Motion to Dismiss for Lack of Jurisdiction" on the ground that the petition was not filed within the statutory period prescribed by section 6213(a)[2] or 7502. On March 1, 1978, petitioners filed an objection to respondent's motion and a motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was invalid as it was not mailed to their "last known address" as required by section 6212(b).[3] Hearings were held on the respective motions of the parties at Washington, D.C. Petitioners' attorney was not present at the hearings, but he filed a statement in lieu of appearance.[4] Both parties submitted briefs, exhibits, and affidavits in support of their respective positions. The pertinent facts, obtained from these submissions, are as follows.

Petitioners are husband and wife and filed joint returns for the periods involved with the Office of the Internal Revenue Service Center at Kansas City, Mo. At the time the petition

---

[1]Since these are preliminary jurisdictional motions, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3]Petitioners were granted several extensions of time to retain an attorney and to file a response to respondent's motion.

[4]After petitioners' attorney filed a "Statement in Lieu of Attendance at Hearing," he subsequently informed the Court by letter, shortly before a hearing on the motions, that his clients (petitioners) had directed him to incur no further financial expenses in connection with the motion to dismiss and that he would therefore be unable to attend the hearing or submit any additional briefs.

herein was filed, petitioner Roy Keeton (Roy) was a prisoner in the Federal Penitentiary at Leavenworth, Kans. (address: Box 1000, Leavenworth, Kans. 66048), and petitioner Shirley K. Keeton (Shirley) resided at Route 3, Box 244, Atchison, Kans. 66002.

On April 15, 1977, respondent mailed the notice of deficiency upon which this case is based by certified mail to Mr. Roy Keeton and Mrs. Shirley K. Keeton, R.R. No. 1, Box 212A1, Winona, Mo. 65588. In this notice, respondent determined Federal income tax deficiencies and additions to tax as follows:

| Taxable year | Deficiency | Additions to tax sec. 6653(b) |
|---|---|---|
| 1970 | $817.67 | $408.83 |
| 1971 | 5,273.71 | 2,636.85 |
| 1972 | 330.24 | 165.12 |
| 1973 | 854.36 | 427.18 |
| | 7,275.98 | 3,637.98 |

The 90-day period for filing a petition with this Court for redetermination of those deficiencies expired on Thursday, July 14, 1977, which was not a legal holiday in the District of Columbia. On July 19, 1977, 95 days after the mailing of the notice of deficiency, this Court received and filed the petition herein. The envelope in which the petition was enclosed was mailed from the Law Office of A. Glenn Sowders, Jr.,[5] from Kansas City, Mo., on July 15, 1977, 91 days after the mailing of the notice of deficiency.

It is undisputed that the present petition was not mailed or received by this Court within the 90-day period prescribed in sections 6213(a) and 7502. Accordingly, if respondent issued a valid statutory notice of deficiency, the petition will have to be dismissed for lack of jurisdiction. See *Estate of Cerrito v. Commissioner*, 73 T.C. 896 (1980); *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). However, if jurisdiction is also lacking for respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of timely filing a petition. *O'Brien v. Commissioner*, 62 T.C. 543, 548 (1974); *Shelton v. Commissioner*, 63 T.C. 193 (1974); *Lerer v. Commissioner*, 52 T.C. 358 (1969); *De Welles v. United States*, 378

---

[5]Sowders subsequently withdrew from the case shortly after filing the petition (at the request of petitioners), and petitioners asked for extensions of time and represented themselves for several months before acquiring their present counsel.

F.2d 37, 39 (9th Cir. 1967). Thus, the central issue here is whether the notice was sent to the last known address of the petitioners.

The address listed on petitioners' Federal income tax return for 1973, the last year in issue, was Route 2, Port Byron, Ill. Sometime subsequent to filing their 1973 return, petitioners moved to R.R. No. 1, Box 212A1, Winona, Mo., the address to which respondent sent the notice of deficiency on April 15, 1977. During 1974, the Internal Revenue Service began investigating and auditing the Federal income tax returns of petitioners. Subsequently, the United States instituted criminal proceedings against petitioners for violation of the Federal income tax laws. As a result of these criminal proceedings, petitioners were both convicted for evasion of Federal income taxes for the calendar years 1970 to 1973. On September 9, 1976, Roy was sentenced to 3 years in prison and Shirley was placed on probation subject to the jurisdiction of the Federal probation authorities. After petitioners' appeals had been rejected and no further appeals were pending, Roy surrendered to the custody of the U.S. marshal on April 4, 1977, and remained in continuous custody of Federal prison authorities at all times up through the time of the hearings on the present motions.[6] Prior to April 15, 1977 (the date respondent mailed the notice of deficiency), Shirley, having been convicted of Federal income tax evasion, also moved from the residence in Winona, Mo., to Atchison, Kans., subject to the jurisdiction of the Federal probation authorities, to be near her husband who was to be incarcerated at the Federal Penitentiary in Leavenworth, Kans. Thus, as a result of the criminal convictions, neither of the petitioners resided at the address to which respondent mailed the notice of deficiency on April 15, 1977.

The criminal tax proceedings against petitioners were initiated by respondent's audit procedures, and they were criminally prosecuted upon the recommendation of the Internal Revenue Service. Petitioners allege, and respondent does not refute, that respondent's agents participated in the criminal tax proceedings brought against petitioners and had notice of petitioners'

---

[6] Both parties submitted affidavits from the manager of the records department at the U.S. Penitentiary, Leavenworth, Kans., which advise that Roy had been in continuous custody of Federal prison authorities since Apr. 4, 1977, that he was received at Leavenworth on Apr. 21, 1977, and that he had remained there continuously up through the time the affidavit was sworn on Mar. 28, 1978.

convictions, Roy's resulting surrender and incarceration, and Shirley's resulting probationary status.

Petitioners contend that when a taxpayer is incarcerated or in the custody of probation authorities as a result of a conviction for violating Federal income tax laws (a judicial proceeding initiated by respondent's audit procedures, processed upon respondent's recommendation, and in which respondent participated), respondent should be held to have knowledge of the physical whereabouts and separate residences (in the case of joint-return taxpayers who have been so convicted) of such taxpayers. Accordingly, they urge that the notice of deficiency mailed to petitioners' former address, at which they resided prior to their criminal convictions and sentences for Federal income tax evasion, was invalid because it was not mailed to petitioners at their "last known address" as required by section 6212(b). On this record, we agree with petitioners.

Section 6212(a) provides that if the Secretary determines a deficiency in Federal income taxes, he is authorized to send a notice of deficiency to a taxpayer; section 6212(b) provides the address to which the notice of deficiency must be mailed is the taxpayer's "last known address."[7] In the case of a joint return, section 6212(b)(2) provides that the notice of deficiency may be a single joint notice unless the Secretary has been notified by either spouse that a separate residence has been established.[8]

For the purposes of section 6212(b), a taxpayer's last known address must be determined by a consideration of all relevant

---

[7]SEC.6212(b). ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

(2) JOINT INCOME TAX RETURN.—In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

[8]Irrespective of whether respondent actually knew or should have known that petitioners were located at separate residences due to the criminal tax convictions, he was still entitled to send a single notice of deficiency, as he did, because neither of the petitioners "notified" respondent, as is explicitly required by sec. 6212(b)(2), of the joint notice to their separate residences. See Cohen v. United States, 297 F.2d 760 (9th Cir. 1962).

circumstances; it is the address which, in light of circumstances, the respondent reasonably believes the taxpayer wishes to have the respondent use in sending mail to him. *O'Brien v. Commissioner, supra* at 548; *Lifter v. Commissioner,* 59 T.C. 818, 821 (1973). Normally, a taxpayer's "last known address" is that shown on his tax returns filed with respondent. *O'Brien v. Commissioner, supra* at 549; *Cohen v. United States,* 297 F.2d 760, 773 (9th Cir. 1962), cert. denied 369 U.S. 865 (1962). Respondent is required, however, to use a different address if he learns or is advised by the taxpayers that the taxpayer has changed his address. *DiViaio v. Commissioner,* 539 F.2d 231 (D.C. Cir. 1976), revg. an order of dismissal of this Court; *Cohen v. United States, supra* at 773; *O'Brien v. Commissioner, supra* at 549; *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367, 374–375 (1974), affd. in an unpublished opinion 538 F.2d 334 (9th Cir. 1976). Once respondent learns that a taxpayer is residing at an address other than the one shown on the return, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. *Johnson v. Commissioner,* 611 F.2d 1015, 1021 (5th Cir. 1980), revg. a Memorandum Opinion of this Court; *Alta Sierra Vista, Inc. v. Commissioner, supra* at 374; *Maxfield v. Commissioner,* 153 F.2d 325, 326 (9th Cir. 1946), revg. an order of dismissal of this Court; *United States v. Eisenhardt,* 437 F. Supp. 247 (D. Md. 1977).

In ascertaining whether respondent has mailed a notice to a taxpayer's "last known address" as required by section 6212, the relevant inquiry pertains to the Commissioner's knowledge rather than what may, in fact, be the taxpayer's most current address. *Alta Sierra Vista, Inc. v. Commissioner, supra* at 374; *Cohen v. United States, supra* at 773. Here, surely respondent knew of Roy's conviction and sentence for criminal violation of the Federal income tax laws; the conviction and incarceration resulted from respondent's audit procedures, prosecution was commenced upon respondent's recommendation, and respondent participated in the prosecution.

As a result of the audit and criminal tax proceedings brought against petitioners, respondent knew that the petitioners did not reside at the address shown on their 1973 return (the last year in issue), as is readily evidenced by the fact that he sent the notice to an address at which petitioners resided after filing their 1973 return. Accordingly, in these circumstances, he was bound to

exercise reasonable care and diligence in ascertaining petitioners' correct address.

Respondent argues, and we agree, that it would be an impossible administrative burden for this Court to require him to continuously update and ascertain taxpayers' current addresses as they move from place to place. See *Cohen v. United States, supra* at 773; *O'Brien v. Commissioner, supra* at 549. Here, however, the Internal Revenue Service, an administrative agency of the U.S. Government, was inextricably entwined in the United States' investigation, prosecution, and conviction of petitioners for violation of the Federal income tax laws. Hence, they were on notice of petitioners' convictions, sentences, incarceration, and changes of address. In such posture, it would have been no burden to contact Federal prison and probation authorities or the Department of Justice (with which respondent was in privity in the criminal tax proceedings against petitioners) to ascertain petitioners' current address prior to issuance of the notice of deficiency, which is the predicate upon which the petition herein was filed. See *O'Brien v. Commissioner, supra* at 549–550. In a factual setting such as he have here, respondent should not have simply sent the notice of deficiency to the last address in his files; reasonable care and diligence required him to at least inquire of Federal authorities as to petitioners' whereabouts after their convictions and sentences. Moreover, since this case involves fraud, respondent was under no time constraints to comply with the statute of limitations.[9] See sec. 6501(c).

We realize that the Internal Revenue Service is separate and apart from the Department of Justice which handles the Federal Government's criminal tax prosecutions. However, both are administrative agencies of the United States and work in conjunction in the enforcement of the internal revenue laws. We will not allow respondent to come into this Court wearing blinders and deprive petitioners, in these circumstances, of their only opportunity for a prepayment hearing to litigate their case. See *Lifter v. Commissioner, supra* at 820; *Berger v. Commissioner*, 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967), cert.

---

[9]We observe that our disposition of this case does not prejudice respondent. Since this case involves fraud, respondent is not restricted from issuing another notice of deficiency under sec. 6212(c).

denied 395 U.S. 905 (1969); *Johnson v. Commissioner, supra* at 1018.

This Court and others have held respondent's notice of deficiency to be invalid because it was not mailed to the "last known address" in cases where respondent had knowledge that the taxpayer was incarcerated in prison for nontax related crimes. See *O'Brien v. Commissioner, supra; DiViaio v. Commissioner, supra; United States v. Eisenhardt, supra*. The courts found in these cases that respondent had learned of the taxpayer's incarceration from nontax related crimes during their dealings and investigations of the taxpayers' returns or failure to file a return. The present case is even stronger for petitioners because they were convicted of violating the Federal income tax laws. It is inherent that respondent had knowledge of a change of address that resulted from criminal tax proceedings initiated by and participated in by him. See *Barack v. United States*, an unreported case (E.D. Mo. 1956, 51 AFTR 1350, 1956–2 USTC par. 9961), where taxpayer was incarcerated for Federal income tax evasion and the court held the notice was not sent to the "last known address."

The case of *Cohen v. United States, supra*, which is cited at length by respondent for supporting his proposition that he mailed the present notice of deficiency to the "last known address" is readily distinguishable from the case at bar. *First*, the notice of deficiency in *Cohen* was mailed while the taxpayer's case was pending appeal. In the present case, Roy was incarcerated after all appeals had been rejected at the time respondent mailed the notice; thus, his change of address was of a more "permanent" nature than in *Cohen*. *Second*, the court in *Cohen* placed great emphasis upon the fact that the case dealt with jeopardy assessments (which are not involved herein). *Third*, one of the joint notices of deficiency in *Cohen* was mailed to the address at which Mrs. Cohen actually resided and the other notice to Mrs. Cohen's "last known address." In the present proceeding, Shirley had also been convicted and sentenced for income tax evasion prior to the mailing of the notice. She was on probation subject to Federal probation authorities and no longer resided at the residence to which the notice was sent. Unlike *Cohen*, here the joint notice of deficiency was not sent to the "last known address" of the wife. See *United States v. Eisenhardt, supra* at 249.

We also note that this case (unlike some of the cases cited and relied upon by respondent) does not involve a defect in the mailing of the notice which was merely technical because the taxpayers received a copy of the notice in ample time and filed a timely petition (e.g., see *Lifter v. Commissioner, supra; Clodfelter v. Commissioner*, 57 T.C. 102 (1971)). Here, petitioners did not file a timely petition and will be deprived of a prepayment hearing if we hold that respondent issued a valid notice.

Respondent, citing Rev. Proc. 61–18, 1961–2 C.B. 550, in the alternative, argues that he met the "last known address" requirement of section 6212(b) because the statutory notice of deficiency mailed to petitioners indicates that a copy was mailed to petitioners' authorized representative, Mr. Marshall M. Harris. Such alternative argument is baseless. Respondent submitted a power of attorney signed by Roy on November 10, 1975, which authorized that for income tax matters for the calendar years 1969 and subsequent:

*Copies* of notices and other written communications addressed to the taxpayer(s) in proceedings involving the above matters should be sent to * * * :

> Marshall M. Harris
> HARRIS & SACKS, Attorneys at Law
> 35 East Wacker Drive
> Chicago, Illinois 60601

[Emphasis added.]

We believe that sending a copy of the deficiency notice by ordinary mail to Roy's attorney fell far short of satisfying the statutory requirement of section 6212(b) for several reasons. *First,* Rev. Proc. 61–18 states that respondent will "regard the address of the taxpayer's duly authorized representative as constituting the last known address of the taxpayer within the meaning of section 6212(b) * * * [when] the taxpayer files a power of attorney * * * which * * * requests that *all* communications concerning his tax matters * * * be mailed to his attorney." (Emphasis in original.) Here, Roy signed a power of attorney which only requested that "copies" of written communications addressed to him be sent to his attorney. See *Houghton v. Commissioner*, 48 T.C. 656, 661 (1967); *Reddock v. Commissioner*, 72 T.C. 21 (1979). *Second,* the power of attorney is only in the name of "Roy Keeton" and is only signed by him. *Third,* the copy of the notice of deficiency was sent by ordinary mail and there is absolutely no evidence that Marshall Harris ever

received it. See *D'Andrea v. Commissioner*, 263 F.2d 904, 907–908 (D.C. Cir. 1959). This case is factually different from *Birnie v. Commissioner*, 16 T.C. 861 (1951), and *Stewart v. Commissioner*, 186 F.2d 239 (6th Cir. 1951), cited by respondent. There, the authorized representatives were acting under a broader power than we have here; the notices were sent by registered mail; and the petitions for redetermination were duly filed within the 90-day period.

In accordance with the foregoing, petitioners' motion will be granted and respondent's motion will be denied.

*An appropriate order of dismissal will be entered.*