ROY AND SHIRLEY K. KEETON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keeton v. Commissioner
Docket No. 9884-81.
United States Tax Court
T.C. Memo 1985-599; 1985 Tax Ct. Memo LEXIS 32; 51 T.C.M. (CCH) 71; T.C.M. (RIA) 85599; December 10, 1985. Roy and Shirley K. Keeton, pro se. Robert F. Simon, for the respondent. CANTREL
MEMORANDUM FINDINGS OF FACT AND OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Partial Summary Judgment, filed on August 4, 1983, pursuant *33 to Rule 121, Tax Court Rules of Practice and Procedure.[1] At the hearing on respondent's motion held on November 16, 1983, respondent requested that his motion be considered as one for full summary judgment. On the basis of an oral concession made by respondent, we have determined that a motion for summary judgment is appropriate and, therefore, will treat the motion as such. Respondent, in his notice of deficiency issued to petitioners on February 13, 1981, determined deficiencies in petitioners' Federal income tax and additions to the tax for the taxable calendar years 1970 to 1973, inclusive, in the following amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b) [2]
1970
$817.67
$408.83
1971
5,273.71
2,636.85
1972
330.24
165.12
1973
854.36
427.18
The adjustments to income determined by respondent in computing the deficiencies are as follows: 1970
1971
1972
1973
Gross Receipts
$7,006.00 $28,683.00 $5,408.00 $9,704.00 (Business)
Expenses (Business)
(3,400.00)
(2,200.00)
(3,200.00)
(4,700.00)
Sales Tax
[3] (63.00)
(422.00)
Other Income
385.28 $3,543.00 $26,061.00 $2,593.28 $5,004.00 *34 The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency on February 13, 1981. [4] A timely petition was filed with this Court on May 11, 1981. See section 6213. Respondent filed his answer on November 19, 1981, wherein at paragraphs 6.(a) through (t) and paragraphs 7.(a) through (v), he affirmatively pleaded as to petitioners' business taxable income, the income tax deficiencies resulting from the business activities, and the additions to tax under section 6653(b). [5]
*35 When no reply was filed respondent, on January 28, 1982, filed a motion for entry of order that undenied allegations in answer be deemed admitted. [6] On February 4, 1982, the Court served on petitioners a notice calendaring respondent's motion for hearing at Washington, D.C. on March 10, 1982. When the case was called on March 10, 1982, no appearance was made by or on behalf of petitioners and no reply to respondent's motion had been filed. After the hearing, the Court by Order dated March 10, 1982, copies of which were served on the parties on March 19, 1982, granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 6.(a) through (t) and paragraphs 7.(a) through (v) of respondent's answer. On promulgation of our Order the pleadings herein were closed. See Rules 34, 36, 37, 38 and 121. On August 4, 1983 respondent filed his motion now under consideration, a Memorandum Brief, and an affidavit with attached exhibits.The Court, on September 6, 1983, served on the parties *36 a Notice Setting Case for Trial on November 28, 1983, at Chicago, Illinois, and on September 9, 1983, served on petitioners copies of respondent's motion and related documents and a copy of the Court's Notice of Hearing, calendaring respondent's motion for hearing at Chicago, Illinois on November 28, 1983. Petitioners informally requested the Court to change the place of trial since at that time they were residing in Gravette, Arkansas. [7] Pursuant to petitioners' request, the Court issued an Order on October 26, 1983, copies of which were served on the parties the following day, which changed the place of trial from Chicago, Illinois to Tulsa, Oklahoma, and ordered the hearing on respondent's motion continued to the Motions Session scheduled on November 16, 1983 in Washington, D.C. The Order directed the attention of the parties to Rule 50(c) which provides for the submission of a written statement from a party in lieu of (or in addition to) attendance at the hearing. *37 No appearance by or on behalf of petitioners was made at the hearing on November 16, 1983. Nor did the Court receive any communication from petitioners in response to the notice of hearing or in response to respondent's motion for partial summary judgment. Respondent argued his motion and clarified that full summary judgment had not been requested since there were "small amounts" in the notice of deficiency, principally from unemployment compensation and other income, which did not form a part of the affirmative allegations of fact in his answer. At the close of the hearing, respondent decided to concede the small amounts at question and, in light of his oral concession, requested that the Court consider his motion as one for full summary judgment. It was decided by the Court to take his motion under advisement. The following findings of fact are based on the record as a whole, allegations in respondent's answer admitting allegations in the petition, and those facts in respondent's answer deemed admitted by our March 10, 1982 Order. FINDINGS OF FACT At the time the petition was filed petitioners' legal residence was Mountain View, Missouri. They filed joint Federal income *38 tax returns for the years at bar. During the years 1970 through 1973 petitioner Roy Keeton sold metals, batteries, automobile parts, automobiles, and various other items which were obtained by theft or wrongful taking without payment to the true owners. These items were sold to various purchasers including, but not limited to, scrap companies, salvage companies and automobile parts dealers. Petitioners received gross receipts of $7,005.88 in 1970, $27,407.97 in 1971, $4,683.20 in 1972, and $9,704.47 in 1973. The amounts of expenses incurred by petitioner Roy Keeton and/or the cost of goods sold with respect to his sales activities were $3,400.00 in 1970, $2,200.00 in 1971, $3,200.00 in 1972, and $4,700.00 in 1973. As a result of the aforementioned sales activities, petitioners failed to report the following amounts of taxable income relating to these activities: Year
Amount
1970
$3,605.88
1971
25,207.97
1972
1,483.20
1973
5,004.00
At the respective times they signed and filed each of their joint Federal income tax returns for the years 1970 through 1973, each of the petitioners knew that the omitted taxable income was required by law to be reported *39 and that it was not so reported. Petitioners fraudulently and with intent to evade tax omitted the taxable income from their joint returns and a part of the underpayment of tax with respect to each taxable year was due to fraud on the part of both petitioners. OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Material factual allegations in the answer with respect to omitted taxable income have been deemed admitted by our Order of March 10, 1982. Those findings of fact clearly establish that petitioners omitted from their *40 Federal income tax returns for the calendar years 1970 to 1973, inclusive, taxable income relating to their business activities in the following amounts: Year
Amount
1970
$3,605.88
1971
25,207.97
1972
1,483.20
1973
5,004.00
In view of respondent's oral concession of the remaining adjustments relating to other income and the sales tax deductions, we conclude there are no genuine issues of material fact appertaining to the income tax deficiencies in each of the tax years 1970 to 1973. [8]
Next, we turn our consideration to the additions to the tax under section 6653(b). The burden of proof with *41 respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that an underpayment exists and that some part of such underpayment of tax was due to fraud with an intent to evade tax, section 7454(a); Rule 142(b), Stratton v. Commissioner,54 T.C. 255 (1970); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [9] Here, material factual allegations in the answer with respect to fraud with intent to evade tax have been deemed to be admitted by our Order of March 10, 1982. In our view, those findings of fact clearly and convincingly establish that in each of the taxable years 1970 through 1973 an underpayment of tax exists and a part of the underpayment was due to fraud with an intent to evade tax. [10]
*42 Respondent also requests that we consider petitioners' conviction for the years herein at bar under section 7206(1) [which pertains to false statements made in Federal income tax returns] in our disposition of the additions to the tax. [11] Since we have independently found with intent to evade tax for each of those years, we need not address the impact of petitioners' convictions under section 7206(1). In addition to respondent's concession and those facts deemed admitted by our Order of March 10, 1982 this record contains a complete copy of the notice of deficiency, the petition, the answer and respondent's affidavit. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record, and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for *43 Summary Judgment will be granted. Decision will be entered under Rule 155.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. In computing the deficiency for 1970, respondent allowed a deduction of $63.00 for sales tax; however, in respondent's attachment to the notice of deficiency entitled "Explanation of Adjustments" the stated amount allowed as a sales tax deduction was $683.00. No explanation of this discrepancy appears in the record.↩
4. An earlier notice of deficiency issued by the respondent on April 15, 1977, was held invalid by this Court since it was not mailed to the "last known address" as required by sec. 6212(b). See Keeton v. Commissioner,74 T.C. 377↩ (1980). 5. Respondent did not affirmatively plead as to the full amount of the adjustments in his notice of deficiency that pertain to other income received by the petitioners in tax years 1971 and 1972 and the sales tax deductions in tax years 1970 and 1971.↩
6. Respondent served a copy of his motion on petitioners at the address provided in the petition on January 25, 1982.↩
7. Correspondence from respondent to petitioners dated February 11, 1982, which was submitted to the Court as an exhibit in support of his motion (Exhibit E), indicates that petitioners may have moved to Arkansas in early 1982. However, notices, orders, and other official documents that were mailed in 1982 by the Court to Mountain View, Missouri, the address provided in the petition, apparently were received by petitioners. We have thoroughly checked our correspondence file for any returned mail or notification of change of address. To date, no mail has been returned to the Court nor have petitioners notified the Court of any change of address as required by Rule 21(b)(4).↩
8. The amount of the deficiencies in the taxable years 1970, 1971 and 1972 must be recomputed to reflect respondent's concession. We wish to clarify that we view the concession as including: 1 - a sales tax deduction in tax year 1970 in the amount of $683.00 as stated in the "Explanation of Adjustments" and not $63.00 (see footnote 3, supra↩), 2 - business gross receipts in tax year 1971 in excess of $27,407.97, 3 - business gross receipts in tax year 1972 in excess of $4,683.20, and 4 - other income in tax year 1972 relating to unemployment compensation.
9. See also Behrman v. Commissioner,T.C. Memo. 1985-99; D'Angelico v. Commissioner,T.C. Memo. 1985-78; Estate of Hopkins v. Commissioner,T.C. Memo. 1985-75; Shulman v. Commissioner,T.C. Memo. 1985-70; Buiatti v. Commissioner,T.C. Memo. 1984-523; Wadsworth v. Commissioner,T.C. Memo. 1983-438; Poe v. Commissioner,T.C. Memo. 1983-149; Hahn v. Commissioner,T.C. Memo. 1982-717; Coastal Shipping Co. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381; Nielson v. Commissioner,T.C. Memo. 1980-453↩. 10. We sustain respondent's determination of fraud; however, the amounts of the additions to tax under sec. 6653(b) cannot be determined until such time as a final computation is made with respect to the income tax deficiencies.↩
11. A conviction for willful falsification under sec. 7206(1), while not dispositive, may be considered in determining the issue of intent to evade tax under sec. 6653(b). See Wright v. Commissioner,84 T.C. 636, 643↩ (1985).