CINDY ROSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rose v. Commissioner
Docket No. 1760-92
United States Tax Court
T.C. Memo 1992-739; 1992 Tax Ct. Memo LEXIS 778; 64 T.C.M. (CCH) 1667; December 30, 1992, Filed *778 An order will be entered granting respondent's motion to dismiss and denying petitioner's motion to dismiss for lack of jurisdiction. For Petitioner: Arthur Kronenberg and Alan Ehrlich. For Respondent: Donald M. Brachfeld and Patricia H. Delzotti. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction and respondent's cross-motion to dismiss for lack of jurisdiction. The issue for decision is whether the notice of deficiency was mailed to petitioner's last known address. Respondent determined deficiencies in and additions to petitioner's 1982, 1983, and 1984 Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1] *779 Sec. 6653(a)(2)
Sec. 6661
1982
$ 27,831
$ 1,392
[2]
$ 6,958
1983
13,283
664
[2]
3,321
1984
30,572
1,529
[2]
7,643
Respondent also determined that petitioner was liable for increased interest under section 6621(c) for the years in issue. Petitioner filed her 1989 return 46 days before respondent issued the notice of deficiency for 1982-1984. Respondent had not yet processed petitioner's 1989 return, and sent the notice of deficiency to the address on petitioner's 1988 return. We hold that respondent showed reasonable care and diligence in ascertaining petitioner's last known address. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. 1. Petitioner
Petitioner resided in New York, New York, when she filed her petition. In 1989, she worked as a fashion designer for the Butterick Co. During 1985, petitioner lived with her husband, Stephen Rose, at 300 East 40th Street, New York, New York. In August 1985, petitioner separated *780 from her husband and moved to 57 Dutchess Boulevard, Atlantic Beach, New York. Petitioner was divorced in March 1989. Petitioner and Stephen Rose filed joint returns for 1985 through 1988 using the 300 East 40th Street address. Sometime during 1986 petitioner moved to 91st Street and West End Avenue in New York City. From March 1988 through May 1990, petitioner lived at 450 6th Avenue in New York City. Petitioner moved to 381 Bleecker Street, New York, New York, in June 1990. Respondent received information returns indicating that petitioner had received income from five payers during 1989. The names of the payers and addresses for petitioner which they provided to respondent are (as shown on the Forms 1099): Petitioner's address
Payer
as listed by payer
1.
First New York Bank for
450 6th Avenue
Business
New York, NY 10011
2.
Rainbow Graphics
450 Sixth Avenue
N.Y., NY 10011
3.
Sidney Escowitz
450 Sixth Avenue
New York, NY 10011
4.
United States Trust Co.
57 Dutchess Blvd
of New York
Atlantic Beach, NY
5.
Sidney Escowitz
450 Sixth Avenue
New York, NY 10011
2. The Notice of Deficiency
Petitioner filed her 1989 income tax return on April 15, *781 1990. The address on the 1989 return is 450 Sixth Avenue, New York, New York. Petitioner enclosed a check which fully paid the balance due on her 1989 return. Forty-six days later, on May 31, 1990, respondent mailed the notice of deficiency for taxable years 1982, 1983, and 1984 to petitioner and her former husband at the address used on their 1988 return, 300 East 40th Street, New York, New York 10016. Petitioner first learned about the notice of deficiency when her former husband called her in May 1991. He told her she might get something in the mail from the Internal Revenue Service (IRS), and that she should contact a lawyer. She first received a copy of the notice of deficiency around July 1991. She filed her petition on January 23, 1992. 3. Processing of Petitioner's 1989 Return
The Brookhaven Service Center in Holtsville, New York (Holtsville), processes several million returns between January and April. The IRS processed petitioner's 1989 return during the week of June 17, 1990, at the Brookhaven Service Center. Petitioner's new (Sixth Avenue) address became available by computer to respondent's agents on June 17, 18, or 19, 1990. During the peak processing *782 period (February 15 to May 31), respondent processes "refund" returns before "fully paid" returns. A refund return is one on which the taxpayer claims a refund. Respondent processes refund returns first because respondent is required to pay interest if the refund is made more than 45 days after the return is filed. Sec. 6611(e). A fully paid return is one on which no tax is owing, or if tax is owing, the taxpayer encloses full payment. Respondent deposits payments accompanying fully paid returns before processing the returns. Respondent processes address changes which have been submitted separately from a return within 45 days of receipt. Forms 1099 are due shortly after the end of the taxable year. See, e.g., sec. 6042(c). Respondent transcribes the taxpayer's name, Social Security number, and the dollar amount from the form, but does not match the taxpayer's address on the Form 1099 against the tax return. Respondent does not change the taxpayer's address on the 1040 account based on a different address appearing on a Form W-2 or Form 1099. OPINION 1. Last Known Address Requirement
It is well settled that in order to maintain an action in this Court there must *783 be a valid notice of deficiency and a timely filed petition. Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); see Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). Section 6212 specifies to whom a notice of deficiency is required to be sent. Under section 6212(a), respondent is authorized to send a notice of deficiency to a taxpayer by certified or registered mail. Section 6212(b)(1) provides that the mailing of a notice of deficiency to the taxpayer's "last known address" constitutes sufficient notice. A taxpayer's last known address generally is that address to which, in light of the surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Abeles v. Commissioner, supra at 1031; Looper v. Commissioner, 73 T.C. 690, 696 (1980). A taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different *784 address. Abeles v. Commissioner, supra at 1035. The taxpayer bears the burden of informing respondent of the taxpayer's address. Pyo v. Commissioner, supra at 636; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). 2. Rev. Proc. 90-18
Respondent points out that petitioner's return was processed within the time allowed under Rev. Proc. 90-18, 1990-1 C.B. 491, which contains standards for notifying respondent of a change of address. Respondent argues that the notice of deficiency was mailed to petitioner's last known address because, under section 5.02 of Rev. Proc. 90-18, supra, respondent had until July 16 (92 days) to place petitioner's new address into respondent's computer system. In light of our holding below, we need not decide respondent's argument based on Rev. Proc. 90-18, supra. 3. *785 Whether Respondent Processed Petitioner's Return With Due Diligence and Care
Respondent maintains that petitioner's 1989 return was processed diligently, and that the address on petitioner's pre-1989 returns (for 1985 through 1988) was petitioner's last known address under section 6212(b) and Abeles v. Commissioner, supra.
In Abeles v. Commissioner, supra at 1035, we held that a taxpayer's most recently filed return is "that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return." (Fn. ref. omitted.) We further stated that the address from a more recently filed return is available to the agent issuing a notice of deficiency if the address could be obtained from an IRS computer transcript using the taxpayer's taxpayer identification number. Abeles v. Commissioner, id.
In Hawk v. Commissioner, T.C. Memo. 1992-42, we held invalid a notice of deficiency mailed *786 43 days after the taxpayer filed a later return with a new address because the Commissioner failed to show reasonable care and diligence in determining the taxpayer's last known address for mailing the notice of deficiency. In Hawk, the Commissioner offered no evidence showing when the taxpayer's 1984 return was processed, whether it was before or after the notice of deficiency was issued, or whether there was any notation in the Commissioner's records that the Commissioner had received a new address for the taxpayer. Petitioner argues that respondent did not explain why petitioner's new address was not processed when the check was removed from her return and credited to her account using her taxpayer identification number. Petitioner contends that processing her address change at the time of filing would be an "incrementally insignificant" task for respondent. Petitioner also argues that respondent did not show that computer technology was not sufficiently advanced to allow respondent to process address changes faster than was done in this case. Thus, petitioner asserts, respondent did not process the 1989 return with reasonable diligence and, as a result, the deficiency *787 notice was not sent to petitioner's last known address. To show the exercise of reasonable diligence, respondent called Ms. Lillian Cohen, a manager in the Brookhaven Service Center in Holtsville, New York, to testify, and attached the affidavit of Robert J. Carver, Deputy Assistant Commissioner, Returns Processing, Internal Revenue Service, National Office, Washington, D.C.
Ms. Cohen and Mr. Carver described how returns were processed in 1990 and how they were coded into the IRS computer system. Ms. Cohen testified that the new address shown on petitioner's 1989 return was not accessible by computer to any of respondent's agents before the week of June 17, 1990. Unlike Hawk v. Commissioner, supra, where respondent failed to offer evidence to show that the period of delay between the receipt of the taxpayer's return (April 15) and the mailing of the deficiency notice (May 28) was reasonable, here respondent offered persuasive evidence to show the exercise of reasonable diligence in determining the correct address to which to mail the notice of deficiency. Keeton v. Commissioner, 74 T.C. at 382; Alta Sierra Vista, Inc. v. Commissioner, supra at 374; *788 O'Brien v. Commissioner, 62 T.C. 543, at 550 (1974). See also Abeles v. Commissioner, 91 T.C. at 1035 n.11. Petitioner argues that 46 days is ample time for respondent to post petitioner's change of address on the computer before issuing the notice of deficiency. Citing Baptist v. Commissioner, T.C. Memo. 1990-280, petitioner argues that respondent failed to explain the delay in processing her address change. In Baptist v. Commissioner, supra, the taxpayers filed a return containing a new address 67 days before the Commissioner mailed a notice of deficiency to the taxpayers' old address. The Commissioner offered evidence showing that the taxpayers' return was processed and their new address was entered into the Commissioner's computer system 105 days after filing, and that this was in accordance with the Commissioner's usual practices for handling the recording of new addresses appearing on a tax return. However, the Commissioner did not show that the choice not to enter a new address before other functions were performed was reasonable and diligent. *789 We held that the notice of deficiency was invalid because the Commissioner failed to show that the amount of elapsed time from notification to availability to the Commissioner's employees was reasonable. In contrast, in this case, respondent has shown, in light of the technology and systems then available and all surrounding facts and circumstances, that not processing taxpayer's 1989 return within 46 days, and sending the notice of deficiency to the address on petitioner's 1988 return, was not a failure by respondent to exercise reasonable care and diligence. Petitioner raised two other arguments on posttrial brief which were not raised at trial. First, petitioner contends that respondent had ample time under the statute of limitations to defer sending the notice of deficiency until after July 16, the date by which petitioner's return is considered to be processed under Rev. Proc. 90-18, 1990-1 C.B. 491. Second, petitioner argues that Forms 1120, 1065, and 1041 provide a box to show a change of address, and that respondent has not explained why the 1989 Form 1040 does not give petitioner a way to do so. Respondent argues that an address *790 change on a taxpayer's return requires verification against that on respondent's computer, a not insignificant task in view of the millions of returns processed by respondent during the peak filing period. However, petitioner first raised these arguments in her posttrial brief, too late for development of related facts by either party. Further, petitioner cited no authority for the propositions that respondent should not issue notices of deficiency during the peak filing season, or that the absence of a change of address box on a Form 1040 indicates a failure to apply reasonable diligence in ascertaining petitioner's last known address. Accordingly, we are not convinced on this record that either of petitioner's arguments has merit. Respondent's explanation for not processing petitioner's change of address during the 46 days before the notice of deficiency was sent was reasonable under the circumstances. Thus, we are convinced that respondent exercised reasonable care and diligence in processing petitioner's 1989 return. Accordingly, we conclude that the notice of deficiency was mailed to petitioner's last known address because the East 40th Street address shown on petitioner's *791 1988 return was her last known address when the notice of deficiency was issued. An order will be entered granting respondent's motion to dismiss and denying petitioner's motion to dismiss for lack of jurisdiction. Footnotes
1. Respondent determined additions to tax for 1982, 1983, and 1984 under sec. 6653(a)(1)(A) and (B); however, sec. 6653(a)(1)(A) and (B) is not applicable to 1982, 1983, and 1984. Accordingly, sec. 6653(a)(1) and (2) is the applicable section.↩
2. Fifty percent of the interest due on $ 27,831, $ 13,283, and $ 30,572 for 1982, 1983, and 1984, respectively.↩