T.C. Memo. 2002-284

UNITED STATES TAX COURT

EMMITT HASKELL PACK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7830-02.                    Filed November 19, 2002.

Emmitt Haskell Pack, pro se.

<u>Michael J. O'Brien</u> and <u>Richard Charles Grosenick</u>, for
respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge:</u>  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction.  With
regard to the taxable year 1999, respondent contends that this
case should be dismissed on the ground that the petition was not

timely filed pursuant to section 6213(a) or section 7502.[1]  With regard to the taxable year 2000, respondent contends that this case should be dismissed on the ground that no notice of deficiency, as authorized by section 6212 and required by section 6213(a) to form the basis for a petition to this Court, has been sent to petitioner, nor has respondent made any other determination that would serve to confer jurisdiction on this Court.

As discussed in detail below, we shall grant respondent's motion to dismiss.

Background

In January 1999, Emmitt Haskell Pack (petitioner) and Jennie S. Pack (Ms. Pack) filed electronically a joint Federal income tax return for the taxable year 1998.  In conjunction with the filing of their return, petitioner and Ms. Pack, as well as their return preparer, executed Form 8453 (1998), U.S. Individual Income Tax Declaration for Electronic Filing, on January 29, 1999.  The address listed on the Form 8453 was Rt. 1, Box 2115, Stilwell, OK 74960 (the Stilwell address).

In February 2000, petitioner filed electronically a Federal income tax return for the taxable year 1999.  In conjunction with the filing of his return, petitioner, as well as his return

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

preparer, executed Form 8453 (1999), U.S. Individual Income Tax Declaration for an IRS e-file Return, on February 4, 2000. The address listed on the Form 8453 was the Stilwell address.

Petitioner's return for 1999, which was filed on a head-of-household basis, reported zero income tax and claimed a refund in the amount of $4,231. The latter amount consisted of withholding in the amount of $481 and an earned income credit in the amount of $3,750. Respondent never issued a refund check but rather "froze" petitioner's account.

In March 2000, respondent commenced an examination of petitioner's 1999 return. The examination focused on filing status, dependency exemption deductions, and the earned income credit.

On or about September 1, 2000, respondent issued a 30-day letter proposing a deficiency in petitioner's Federal income tax for 1999. The 30-day letter stated, in part, as follows:

> Thank you for your replies dated April 4 and May 24, 2000. To follow is a list of what we received:
> * * * These documents do not allow us to establish that you meet the requirements for these issues involved. * * *

On December 6, 2000, respondent sent a notice of deficiency to petitioner. In the notice, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1999 in the amount of $4,714. The deficiency was attributable principally to the disallowance of the earned income credit

($3,750); the balance of the deficiency ($964) was attributable to a change in petitioner's filing status (from head-of-household to married filing separately) and the disallowance of two dependency exemption deductions.

Respondent sent the notice of deficiency to petitioner by certified mail addressed to him at the Stilwell address. However, petitioner did not receive the notice, and, on or about January 17, 2001, it was returned to respondent by the Postal Service.[2] Thereafter, on June 11, 2001, respondent assessed the deficiency against petitioner.

On June 14, 2001, petitioner filed a Federal income tax return (Form 1040) for the taxable year 2000. On his return, petitioner listed his address as 13410 North Webster Road, Tahlequah, Oklahoma 74464.[3] On his return, petitioner reported zero tax and claimed a refund in the amount of $401. The latter amount consisted of withholding in the amount of $185 and an earned income credit in the amount of $216. Respondent applied $185 of the claimed refund against petitioner's outstanding

---

[2] It is not completely clear why the notice of deficiency was returned to respondent by the Postal Service. A partial copy of the envelope in which the notice was apparently mailed bears a stamp "not deliverable as addressed"; however, a second (but incomplete) stamp, together with handwriting, suggests that the envelope was returned to respondent unclaimed after two attempts at delivery.

[3] Each of the three Forms W-2, Wage and Tax Statements, that accompanied petitioner's income tax return for 2000 identified the Stilwell address as petitioner's address.

liability for 1999.[4]

On April 24, 2002, the Court received and filed an (imperfect) petition.[5] The petition, which is dated April 12, 2002, and is little more than a request for forms to file a petition for redetermination, does focus on the fact that "my 1999 Income Tax Refund check was stopped". The petition arrived at the Court by regular, first-class mail in an envelope bearing a postmark date of April 15, 2002.

On May 31, 2002, petitioner filed an amended petition. In his amended petition, petitioner purports to disagree with "tax deficiencies for the years 1999 and 2000". The gist of petitioner's complaint, however, appears to be the nonreceipt of tax refunds for 1999 and 2000 in the amounts of $4,231 and $401, respectively. Petitioner attached to his amended petition a copy of a letter to Commissioner Rossotti, the "in re" of which read:

> 1999 INCOME TAX REFUND CHECK ( 1040 1999 )
> * * * What has happened to my Refund Check?

---

[4] The record suggests that respondent may have disregarded the portion of petitioner's refund claim allocable to the earned income credit because of sec. 32(c)(2)(B)(iv), which provides that "no amount received for services provided by an individual while the individual is an inmate at a penal institution shall be taken into account" in determining the individual's "earned income". In the absence of earned income, there is no basis for an earned income credit. Sec. 32(a).

[5] At the time that the petition was filed, petitioner was in the custody of the Oklahoma Department of Corrections in Helena, Oklahoma.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition, insofar as it relates to the taxable year 1999, was not timely filed, and insofar as it relates to the taxable year 2000, was not filed in respect of a notice of deficiency or other determination that would serve to confer jurisdiction on the Court.

Petitioner filed a Reply to respondent's motion, asserting that he had not received the notice of deficiency and that he had been incarcerated since "February or March 2000", perhaps implying that the notice of deficiency had not been mailed to him at his last known address. Petitioner also expressed continuing concern regarding "the taxable year 1999 refund check". Finally, petitioner alleged that he never authorized the electronic filing of any return for 1999.

This matter was called for hearing at the Court's Motions Sessions in Washington, D.C., on September 25, 2002, and October 23, 2002. Counsel for respondent appeared at the hearings and offered argument and exhibits in support of respondent's motion. There was no appearance by or on behalf of petitioner at the hearings, nor did petitioner file a written statement with the Court pursuant to Rule 50(c), the provisions of which were noted in the Court's orders calendaring respondent's motion for hearing.

Discussion

The Tax Court, like all Federal courts, is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec.

6213(a). Pursuant to section 7502(a), a timely mailed petition will be treated as though it were timely filed.

A. <u>Taxable Year 1999</u>

There is no question that respondent mailed the notice of deficiency for 1999 to petitioner on December 6, 2000. However, the petition was not filed with the Court until April 24, 2002, a date more than 16 months after the mailing of the notice of deficiency. Moreover, the envelope in which the petition was mailed to the Court bears a U.S. Postal Service postmark date of April 15, 2002. Under these circumstances, it follows that the petition was not filed within the 90-day period prescribed by section 6213(a) and that we must dismiss this case for lack of jurisdiction.

Notwithstanding the foregoing, because of the suggestion that the notice of deficiency for 1999 was not mailed to petitioner at his last known address, the issue for decision is whether the dismissal of this case should be based on petitioner's failure to file a timely petition under section 6213(a) or whether dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212. If jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we shall dismiss on that ground rather than for lack of a timely filed petition. <u>Pietanza v. Commissioner</u>, 92 T.C. 729, 735-736 (1989), affd. without

published opinion 935 F.2d 1282 (3d Cir. 1991); <u>Weinroth v. Commissioner</u>, 74 T.C. 430, 435 (1980); <u>Keeton v. Commissioner</u>, 74 T.C. 377, 379-380 (1980).

Although the phrase "last known address" is not defined in the Internal Revenue Code, we have held that absent clear and concise notice of a change of address, a taxpayer's last known address is the address shown on the taxpayer's return that was most recently filed at the time that the notice was issued. <u>King v. Commissioner</u>, <u>supra</u> at 681; <u>Abeles v. Commissioner</u>, 91 T.C. 1019, 1035 (1988); see sec. 301.6212-2, Proced. & Admin. Regs. In deciding whether the Commissioner mailed a notice to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to * * * [the Commissioner's] knowledge rather than to what may in fact be the taxpayer's most current address." <u>Frieling v. Commissioner</u>, <u>supra</u> at 49. The burden of proving that the notice was not sent to the taxpayer at the taxpayer's last known address is on the taxpayer. See <u>Yusko v. Commissioner</u>, <u>supra</u> at 808.

Respondent mailed the notice of deficiency for 1999 to the address listed on petitioner's 1999 return--the last return filed by petitioner prior to the mailing of such notice on December 6, 2000.[6] Consequently, the notice of deficiency for 1999 was

---

[6] Petitioner's allegation that he never authorized the filing of an electronic return for 1999 is inconsistent with his
(continued...)

mailed to petitioner at his last known address unless petitioner can demonstrate: (1) He provided respondent with clear and concise notice of a change of address; or (2) prior to the mailing of the notice of deficiency, respondent knew of a change in petitioner's address and did not exercise due diligence in ascertaining petitioner's correct address.  See Abeles v. Commissioner, supra; Keeton v. Commissioner, supra at 382; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

There is nothing in the record to suggest that petitioner gave respondent clear and concise notice of any change of address.  Nor is there anything in the record to suggest that respondent knew about such change of address.  Indeed, the record indicates that during the examination phase of this case, respondent communicated with petitioner at the Stilwell address.

In view of the foregoing, we hold that the notice of deficiency was valid because it was sent to petitioner at his last known address.  Accordingly, because petitioner did not file

[6](...continued)
concern, expressed throughout this case, about the status of his refund for that year.  Petitioner has not suggested, much less demonstrated, that he filed some other return for 1999 claiming a refund for that year.  However, assuming arguendo that petitioner did not authorize the filing of an electronic return for 1999, the fact remains that petitioner's 1998 return lists the Stilwell address, which would still constitute petitioner's last known address.  See Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); sec. 301.6212-2, Proced. & Admin. Regs.

his petition within the time prescribed by section 6213(a) or section 7502, we lack jurisdiction to redetermine the deficiency for 1999, and we must grant respondent's motion to dismiss for lack of jurisdiction as to that year.[7]

B. Taxable Year 2000

Petitioner admits that he "has never received any notice of deficiency" for 2000, and respondent adamantly asserts that no notice of deficiency or other jurisdictionally-relevant notice has been issued to petitioner for that taxable year. There is nothing in the record to belie respondent's assertion.

In the absence of a valid notice, this Court lacks jurisdiction. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142 (1988). Thus, in the present case, we lack jurisdiction over the taxable year 2000, and we must therefore grant respondent's motion to dismiss for lack of jurisdiction as to that year.

---

[7] Although petitioner cannot pursue his case for 1999 in this Court, he is not without a judicial remedy. Specifically, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if his claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970). Finally, we note that the granting of respondent's motion to dismiss for lack of jurisdiction will in no way preclude the parties from administratively resolving the substantive issues for 1999, an approach that respondent has offered to pursue.

Conclusion

To give effect to the foregoing,

<u>An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.</u>