## MAXFIELD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10985.

Circuit Court of Appeals, Ninth Circuit.

Feb. 12, 1946.

A. P. G. Steffes, of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, Harold C. Wilkenfeld, and Maryhelen Wigle, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner taxpayer seeks a review of the order of the tax court granting a motion of the Commissioner to dismiss for lack of jurisdiction her petition for redetermination of her income tax for the taxable years ending December 31, 1935 and 1936.

The petition alleged that the Commissioner's deficiency letter was mailed to her on August 26, 1943, and the record shows its filing in the Tax Court on September 27, 1943—well within the 90-day period provided by Section 501 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 765.

The Commissioner moved to dismiss the petition and offered to prove that the deficiency letter after registry had been deposited in the mails on June 21, 1943, addressed to taxpayer at 131 South Third Street, Las Vegas, Nev. He alleged this address was filed with the Collector of Internal Revenue, an agent of the Internal Revenue Bureau, with whom she filed her tax returns in 1937 and 1938, and appeared in a protest sent by her to some unnamed person in the Internal Revenue Bureau on December 21, 1941. The motion alleged that this address so given to agents of the Bureau two and a half years before the alleged mailing was the only address known to the Commissioner.

Taxpayer moved that the motion to dismiss so involving the question of the proof of facts to support the contention of lack of jurisdiction, should be heard at Los Angeles, the city of her residence at 2219 Victoria Avenue. The ground of her motion for the hearing at Los Angeles was alleged as follows:

"That on June 21, 1943, and for a long time prior thereto, respondent had caused an exhaustive investigation to be made concerning the liability of petitioner for additional taxes concerning the calendar years 1935 and 1936 and other calendar years, and that the special agents, auditors, attorneys and other representatives of respondent all actually knew that on June 21, 1943, petitioner was residing at Number 2219 Victoria Avenue, Los Angeles, California."

She further alleged that she "desires to show by the testimony of special agents, auditors, attorneys and representatives of respondent in Los Angeles, California, that on June 21, 1943, and for a long time prior thereto, it was a well known fact to them that petitioner actually resided and received her mail at Number 2219 Victoria Avenue, Los Angeles, California."

The motion to hear the dismissal proceeding in Los Angeles was denied, the Tax Court holding that "Hearings on motions such as this are heard in Washington and not elsewhere, and the motion of July 10, 1944 for hearing in Los Angeles is denied.

■ The motion to dismiss was heard in Washington. The order of dismissal was based only on the conclusion of the Court that, "It appearing from the evidence submitted and from the record presented that the petition for redetermination was not filed with the Court within the 90 days provided by the Revenue Act of 1926, as amended by section 501 of the Revenue Act of 1934."

The ultimate facts are the date of mailing of the deficiency letter and the date of filing of the petition. The deficiency letter is nowhere mentioned. Since Congress requires that the Tax Court shall base its decisions on findings of fact the order must be set aside. Kelleher v. Commissioner, 9 Cir., 94 F.2d 294, and cases cited. However there remains the question whether under the statute, the Tax Court erred as to the venue of the hearing.

■ We think it was error to deny the motion to hear the dismissal proceedings in Los Angeles, the admitted residence of the taxpayer and the place where her witnesses were available when the proceedings were had in Washington. The regulations provided that the taxpayer's address *first* known to the Commissioner shall be given to his agent, the Collector of Internal Revenue where the tax return is filed. The process of determination of deficiencies is a long one in which the investigating agents of the Commissioner often make their reports to him, as here, seven and six years after the return is filed. Recognizing that the taxpayer may change his address during such long periods, Congress in the Internal Revenue Code, § 272(k), 26 U.S.C.A. Int.Rev.Code, § 272(k), has provided that the deficiency notice be mailed, not to the first known address given to the Collector, but "to the taxpayer at his *last* known address."

With the wide powers of regulation of the Secretary of the Treasury he well could have made a regulation providing an agency of the Commissioner of Internal Revenue to whom the taxpayer could make known his latest address. No such regulation is claimed by the Commissioner and we know of none. The last known address thus becomes a matter of proof in each case in which the question arises. If, as claimed, this is an embarrassment to the Treasury, its remedy is plain. Certainly if, with no notice of a change of address from the taxpayer, the deficiency letter were mailed to the actual address of the taxpayer, he could not claim he was not notified because it was not sent to the former address given to the collector years before when the return was filed.

The cases show how, in the absence of regulation, the Commissioner acquires knowledge of the last known address without notice from the taxpayer and not from his own records. In the case of Commissioner v. Rosenheim, 3 Cir., 132 F.2d 677, cited by the Commissioner, it is held that the Commissioner may obtain his knowledge of the last known address of a taxpayer from the stock transfer books of a private corporation. Obviously the knowledge of the public officials who gather the facts for the Commissioner's determination of the deficiency, the notice of which is to be mailed to the last known address of the taxpayer, is a higher source of knowledge than the books of a private corporation.

In Welch v. Schweitzer, 106 F.2d 885, 887, this Ninth Circuit held that knowledge

of the Commissioner's business organization in the collection of income taxes is attributable to the Commissioner. In that case we said "This recognized continued relationship of the taxpayer to the Treasury created by statute for the purpose of crediting overpayments, made available in this case to the Commissioner the true residence address of the taxpayer, as shown in his later returns [filed with his subordinate Collector]. The application of ordinary business principles to the tax business of the government would seem to require the Commissioner to avail himself of the facilities of his business organization in the performance of his duty to mail the notice of deficiency."

In Gregory v. United States, 57 F.Supp. 962, 102 Ct.Cl. 642, a Court of Claims case also cited by the Commissioner, a majority of three out of five justices held that, since the taxpayer had nothing but a temporary address in 1941 in California when the deficiency notice of 1938 taxes was mailed to the address at which his tax return was stated to have been prepared, the Commissioner properly addressed the notice there. This was held despite the fact that the "address" the taxpayer gave in his return was Memphis, Tenn., while the return was filed in Little Rock, Ark. The two dissenting judges held, in accord with our decision in Welch v. Schweitzer, supra, that, since the taxpayer had notified the Collector in Little Rock, Ark., with whom his return was filed, that his address was changed to that in California, the Commissioner had knowledge of the last known address and that the deficiency notice was sent to the wrong address. What the majority opinion fails to notice is that the address on the return is given to a subordinate official.

What is applicable in the majority opinion in the Gregory case to the case before us is that the Memphis address given in the return filed in Little Rock, Ark., is not necessarily the last known address, and that it is a question of fact as to what knowledge the Commissioner acquires thereafter. It is also significant that the majority opinion gives no consideration to our opinion in the Welch case nor to the Third Circuit's opinion in the Rosenheim case.

Here taxpayer seeks to establish that the very agents who must go to her residence to gather evidence of the deficiencies, which is the basis of the deficiency letter, knew her address to be in Los Angeles and not in Las Vegas, Nev., where she had named it over six years before. Under the principles established in the above cases she tendered a justiciable issue as to whether the letter was sent to the last known address.

The merits of this contention of want of jurisdiction go to the fundament of taxpayer's right. With the witnesses alleged to be in Los Angeles the provision of the statute as to the place the taxpayer is "to appear" to resist in the dismissal proceedings clearly applies. Section 1105 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 1105, provides,

"§ 1105. *Times and places of meetings*

"The times and places of the meetings of the Board and of its divisions shall be prescribed by the chairman with a view to securing reasonable opportunity to taxpayers to appear before the Board or any of its divisions, with as little inconvenience and expense to taxpayers as is practicable. 53 Stat. 159."

The statute makes no distinction between one contention and another upon which the taxpayer is "to appear."

Taxpayer's motion to have the opportunity to appear and produce witnesses at Los Angeles is clearly within the right granted by § 1105, supra. In our opinion, under that section, the Tax Court had no discretion at all to refuse to have her appearance at Los Angeles to resist the motion.

The Tax Court claims it had that discretion because the dismissal for want of jurisdiction was by motion. It is claimed that even a motion for such drastic action as dismissal is within that portion of the Tax Court's Rule 26, which reads

"Rule 26.—Place of Hearing—Requests and Designation

\*　　\*　　\*　　\*　　\*

"The court will designate the place of hearing in accordance with the statutory provision that the time and place of trial shall be fixed 'with as little inconvenience and expense to taxpayers as is practicable,' and, in all cases, will notify the parties of the place at which or in the vicinity of which the hearing on the merits will be held. \* \* \*

"In case it is necessary for the Court to hear the parties on matters other than the merits, such hearing will be held in Washington *unless* good cause is shown for holding it elsewhere." (Emphasis supplied.)

Assuming the last paragraph applies to the instant motion, here appears not only "good cause" but the exact cause provided for in section 1105. It was clearly an abuse of discretion not to grant the motion.

The order dismissing the petition is reversed and the case remanded to the Tax Court for a hearing in Los Angeles on the question of the last known address of the taxpayer at which she is entitled to appear.