MARVA D. LEWIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 28707-82.
United States Tax Court
T.C. Memo 1983-505; 1983 Tax Ct. Memo LEXIS 277; 46 T.C.M. (CCH) 1162; T.C.M. (RIA) 83505; August 22, 1983. Joseph L. Marshall, for the petitioner. William H. Quealy, Jr., for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: *278 This matter is before the Court on cross-motions by the parties to dismiss for lack of jurisdiction. Respondent's motion to dismiss is based upon the alleged failure of petitioner to file her petition with this Court within 90 days of the issuance of respondent's statutory notice of deficiency for the years 1978 and 1979, as required by section 6213. [1] Petitioner opposes respondent's motion and, in addition, has filed a cross-motion to dismiss for lack of jurisdiction as to the year 1978 only, based upon the alleged failure of respondent to issue his statutory notice of deficiency for said year within the three-year statute of limitations provided by section 6501(a). Argument on both motions was held at a trial session of the Court at San Diego, California. In addition to testimony on behalf of petitioner, the parties filed a stipulation of facts and numerous joint exhibits, and said stipulation and joint exhibits are incorporated herein by this reference. *279 FINDINGS OF FACT At the time of filing her petition herein, petitioner was a resident of La Jolla, California. Petitioner timely filed her individual Federal income tax return for the year 1978, showing an address of 961 Woodlake Drive, Cardiff, California 92207. She likewise timely filed her individual income tax return for the year 1979, showing an address of 8803 Gilman Drive, Apartment H, La Jolla, California 92037. Petitioner also filed an income tax return for 1981. In connection with respondent's audit of the 1978 and 1979 returns, petitioner filed a Power of Attorney with respondent on or about October 7, 1981, with respect to the year 1978, and another Power of Attorney on or about December 1, 1981, with respect to the year 1979. Both powers of attorney gave petitioner's address as 3420 Via Alicante Lane, La Jolla, California 92037, (hereinafter "the old address"), and both powers of attorney requested that copies of all communications be sent to her at the above address, and to her designated attorney, Shirleymae Davis, 7825 Ivanhoe Avenue, Suite 107, La Jolla, California. On or about February 22, 1982, petitioner filed a notice of change of address with *280 the United States Post Office at La Jolla, California, listing a new address of 3158 E Via Alicante, La Jolla, California 92037 (hereinafter "the new address"). She actually moved to the new address in the month of March, 1982. No notification of such change of address was given to respondent prior to April 15, 1982. On April 15, 1982, respondent issued his statutory notice of deficiency to petitioner, covering her calendar years 1978 and 1979. This notice was sent by certified mail, addressed to the petitioner at 3420 Via Alicante Lane, La Jolla, California 92037 ("the old address"), which respondent obtained from the powers of attorney filed by petitioner and described above. Personal delivery not having been effected by the Post Office for unexplained reasons, respondent's statutory notice was returned by the Post Office as "unclaimed" on May 2, 1982, and received by respondent on May 6, 1982. The envelope containing the statutory notice bore notations by the Post Office that petitioner had been notified twice of the existence of certified mail being held by the Post Office for her, on April 17 and April 24, 1982. Although respondent's statutory notice bore a notation *281 that a copy was being sent simultaneously to petitioner's counsel Shirleymae Davis, no such copy was received by her at that time. After making inquiry at the office of respondent in Los Angeles, California, some months later, petitioner's counsel received a copy of the statutory notice shortly after November 9, 1982. The petition herein was filed on December 8, 1982. Under date of June 7, 1982, respondent's Service Center at Fresno, California, sent a communication to petitioner at her new address concerning an overpayment of income tax for 1981 claimed by petitioner. Likewise, on June 25, 1982, respondent's Fresno Service Center sent another form communication to petitioner at the new address with respect to her tax year 1979. OPINION The parties each have moved the Court to dismiss this case for lack of jurisdiction, but on different grounds. Respondent moves to dismiss the case in its entirety for petitioner's failure to file a petition with this Court within 90 days of the issuance of respondent's statutory notice on April 15, 1982, as mandated by section 6213(a). Petitioner's position is more complex: 1. Petitioner contends that the statutory notice issued on *282 April 15, 1982, was not valid so as to give this Court jurisdiction, since it was no sent to petitioner at her "last known address," as required by section 6212(b)(1). Petitioner contends that there was no valid statutory notice of deficiency until a copy of the April 15, 1982, notice was received by petitioner's counsel on or about November 9, 1982; that this date started the 90-day period of section 6213(a) running for the first time, so that the petition herein, filed within 30 days thereafter, was timely and the Court has jurisdiction, at least as to the year 1979. 2. For the year 1978, however, petitioner has filed a motion to dismiss for lack of jurisdiction, on the grounds that respondent's statutory notice with respect to that year was not valid so as to give this Court jurisdiction, because it was not "issued" until after the applicable three-year statute of limitations with respect to issuing statutory notices of deficiency for the year 1978 had run out on April 15, 1982, under the provisions of section 6501(a). Both a valid statutory notice of deficiency and a timely filed petition are jurisdictional prerequisites to maintaining an action in this Court, and, when *283 called into question, we can and must resolve such issues. Shelton v. Commissioner,63 T.C. 193 (1974). However, since the various positions of the parties all turn upon whether respondent's statutory notice of deficiency was valid when issued on April 15, 1982, we will address that issue first. Section 6212(b)(1) provides that a notice of deficiency will be sufficient if it is mailed to the taxpayer's "last known address." We said, in Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. 538 F.2d 334 (9th Cir. 1976), that the "last known address" was * * * the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications * * *. The relevant inquiry pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most current address in use. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address * * *. And while the Commissioner is bound to exercise reasonable *284 diligence in ascertaining the taxpayer's correct address * * *, he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of a clear and concise notification from the taxpayer directing the Commissioner to use a different address * * *. "The last known address thus becomes a matter of proof in each case in which the question arises." Maxfield v. Commissioner,153 F.2d 325, 326 (C.A. 9). See also Looper v. Commissioner,73 T.C. 690, 696-697, (1980); Weinroth v. Commissioner,74 T.C. 430, 435 (1980). The fact that a taxpayer does not actually receive the notice of deficiency is not decisive, if the requirements of the statute have been met, nor does the 90-day period within which to file a petition with this Court begin to run from the time the notice is actually received, if the notice is correctly sent. Speaking specifically to this point, the Court of Appeals for the Ninth Circuit said, in Wilson v. Commissioner,564 F.2d 1317, 1319 (9th Cir. 1977), affg. an unreported order of this Court: Appellant [taxpayers] claim they did not receive the notice of deficiency. *285 They argue the 90-day period did not begin to run untilthey received actual notice of the existence of a deficiency on September 6, 1976, and their petition to the Tax Court was therefore timely. We cannot agree. Section 6212 authorizes mailing the notice of deficiency by certified or registered mail to the last known address of the taxpayer. Absent a claim of failure to comply with the statutory procedure, the 90-day period for petitioning the Tax Court commences on the date of mailing. There is no requirement that the taxpayer actually receive the notice of deficiency or have actual notice of the claimed deficiency. With these principles in mind, we turn to the facts of the instant case. Petitioner filed her income tax returns for 1978 and 1979, each showing a different address. During the audit of these returns by respondent in 1981, however, petitioner filed powers of attorney with respondent, authorizing her attorney to act for her, and in each of these powers of attorney petitioner stated her address to be 3420 Via Alicante Lane, La Jolla, California 92037, and asked that copies of all communications be sent to her at that address, as well as to her attorney. This *286 was the last communication received by respondent from petitioner with respect to her correct address prior to the issuance of the statutory notice of deficiency herein, and was the address to which it was sent. Respondent was entitled to rely upon this address, absent a later communication from petitioner or her authorized representative giving other instructions. Stewart v. Commissioner,55 T.C. 238 (1970), affd. without opinion 9th Cir. 1972; Kinsey v. Commissioner,T.C. Memo. 1981-144. In opposing respondent's motion to dismiss herein, petitioner argues that it must be concluded that respondent had knowledge of petitioner's new address at the time the statutory notice was issued on April 15, 1982, as evidenced by the fact that respondent sent correspondence to petitioner at the new address in two occasions in the month of June, 1982. Thus, petitioner argues that the issuance of the statutory notice herein on April 15, 1982, should be considered a nullity, because the statutory notice was not sent to petitioner's "last known address," and the required 90-day period for filing a petition with this Court did not commence to run until actual receipt *287 by petitioner's attorney of a copy of the statutory notice on or about November 9, 1982, which was only about 30 days before the instant petition was filed. In support of this position, petitioner relies heavily upon the cases of McPartlin v. Commissioner,653 F.2d 1185 (7th Cir. 1981), and Crum v. Commissioner,635 F.2d 895 (D.C. Cir. 1980). Both of the above cases indeed stand for the proposition that, where it is shown that the Commissioner did not send his statutory notice of deficiency to the taxpayer's last known address (that is, the last address known to the Commissioner), the statutory period for filing a petition with this Court does not commence to run until actual notice of the determined deficiency by the taxpayer or his authorized representative. See also Estate of McKaig v. Commissioner,51 T.C. 331 (1968). [2]
*288 Petitioner here, however, can take no comfort from McPartlin and Crum, for they are distinguishable on their facts from the present case.In each of those cases, the Court found that respondent had actual knowledge of the taxpayer's new address prior to the issuance of the statutory notice of deficiency, and nevertheless sent it to an earlier and obsolete address. The record establishes no such critical fact in this case. It is clear that petitioner filed a return for 1981, and although there is nothing in this record to indicate the address on that return, respondent's letter to her on June 7, 1982, with respect to that return and using the new address, strongly suggests that this was the address on the 1981 return, and that it was through this return that respondent learned of petitioner's new address. There is no evidence that respondent learned of it from any other source or prior to April 15, 1982, which was the prescribed filing date for the 1981 return, section 6072(a), and was the same date on which respondent's statutory notice was issued. There is likewise no evidence in this record that petitioner filed her 1981 return prior to the due date. [3] We thus have *289 no basis for finding that respondent knew, prior to the date when he issued his statutory notice, that petitioner had moved to an address different from the one she gave respondent in November and December, 1981. What is significant is what respondent knew at the time the statutory notice was issued, not what he may have learned later. Alta Sierra Vista, Inc. v. Commissioner,supra.Whether respondent actually knew or was on notice of a more recent address at the time he sent his statutory notice is a question of fact and a matter of proof in each case, and, the issue having been raised by petitioner, she had the burden of proof with respect to it. See Maxfield v. Commissioner,153 F.2d 325 (9th Cir. 1946). Nor is petitioner's case here helped by the fact that her attorney *290 failed to receive a copy of the statutory notice in timely fashion, as requested in the power of attorney filed by petitioner. Whether in fact a copy of the statutory notice was sent by respondent to petitioner's attorney on April 15, 1982, simultaneous with his mailing of the original to petitioner, cannot be determined from this record; all that is established is that petitioner's counsel did not receive it until some months later, after making inquiry of respondent's Los Angeles office. Even if it is assumed, arguendo, that respondent failed to send a copy of the statutory notice to petitioner's counsel on April 15, 1982, such failure is not fatal to the validity of the statutory notice where the power of attorney only requests that a copy be sent to someone other than petitioner. Houghton v. Commissioner,48 T.C. 656, 661 (1967), appeal dis. 9th Cir. 1946; McDonald v. Commissioner,76 T.C. 750 (1981). Petitioner further argues that her failure to receive respondent's statutory notice of deficiency was due to some unspecified error on the part of the Post Office in failing to make proper delivery to her, and that she should not have to *291 suffer because of the error of the Post Office, again relying upon McPartlin v. Commissioner,supra. See also Estate of McKaig v. Commissioner,supra. The facts in this case, however, simply do not support her position. The evidence herein shows that the statutory notice was duly mailed to petitioner at the last address known to respondent, by certified mail, on April 15, 1982; that the Post Office, apparently being unable to effect personal delivery, gave written notification to petitioner on April 17, 1982, and again on April 24, 1982, that there was certified mail for her being held at the Post Office; and, upon petitioner's failure to appear and claim said certified mail, it was returned to respondent on May 2, 1982. The failure of the Post Office to make personal delivery to petitioner is not explained, but we note that the applicable regulations regarding handling of certified mail provide the following: a. Certified mail is to be delivered only to the addressee or his authorized representative. b. If personal delivery of the certified mail cannot be effected by the Postal carrier, the article will be returned to the Post Office. *292 Two successive written notices will then be sent to the addressee by the Post Office, advising the addressee to come and claim the certified mail. c. If not claimed after the second notice, the certified mail will be returned to the sender. d. Change-of-address notices given to the Post Office will cover certified mail as well as ordinary mail. See U.S. Postal Service Domestic Service Mail Manual, sections 159.222, 911.4, 912.51, 912.55, all of which are incorporated in the Code of Federal Regulations by 39 CFR section 111.1. The above-cited regulations were apparently precisely followed by the Post Office in attempting to make delivery of the statutory notice to petitioner herein. It was petitioner's burden to show that she or some authorized person was present and able to take delivery of the certified mail when delivery was attempted and/or that she did not receive the notifications from the Post Office concerning her certified mail being held there. No evidence on this subject was given which would indicate that the Post Office erred in handling this piece of certified mail. See Houghton v. Commissioner,supra;Mianus Realty Co. v. Commissioner,50 T.C. 418 (1968). *293 We thus conclude that (a) respondent sent the statutory notice of deficiency herein to the last address of petitioner known to respondent on April 15, 1982, and (b) that there was no apparent error on the part of the Post Office in attempting to make delivery of such statutory notice to petitioner. The statutory notice was therefore valid, even though it was not received. Cataldo v. Commissioner,60 T.C. 522 (1973), affd. 499 F.2d 550 (2d Cir. 1974). Petitioner's motion must accordingly be denied. [4]
*294 Since it is undisputed in this record that the petition herein was not filed until December 8, 1982, more than 90 days after the issuance of respondent's statutory notice, it further follows that respondent's motion to dismiss for lack of jurisdiction under section 6213(a) must be granted. Shipley v. Commissioner,572 F.2d 212 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; Denman v. Commissioner,35 T.C. 1140 (1961). An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, unless otherwise noted.↩
2. Note that the fact that the statutory notice was not sent to the "last known address" does not ipso facto destroy the validity of the notice for all purposes and in all cases, see Frieling v. Commissioner,81 T.C. 42 (1983); Mulvania v. Commissioner,81 T.C. 65↩ (1983).
3. We note that a new address shown on a subsequent return does not automatically constitute sufficient notice to the respondent of a change. However, a new address shown on a subsequent return is one of the circumstances to be considered in deciding whether or not the respondent used reasonable diligence. Morgan v. Commissioner,T.C. Memo. 1983-314↩.
4. Our conclusion that respondent's statutory notice was sent to the "last known address" on April 15, 1982, makes moot petitioner's jurisdictional motion based upon the alleged expiration of the statute of limitations for the year 1978. In any case, however, an attack on a notice of deficiency based upon the expiration of the applicable statute of limitations has no effect on our jurisdiction, but is an affirmative defense to the asserted deficiency which must be pleaded and proved, and which we would decide in the course of deciding the case on the merits. Rule 39; Frieling v. Commissioner,81 T.C. 42, 61↩ (1983) (Shields, J., concurring).