EDGAR A. BOLTON AND JUDY R. BOLTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bolton v. Commissioner
Docket No. 14125-88
United States Tax Court
T.C. Memo 1990-181; 1990 Tax Ct. Memo LEXIS 204; 59 T.C.M. (CCH) 326; T.C.M. (RIA) 90181; April 9, 1990
Steven L. Staker, Kevin G. Staker, and Gregory R. Gose, for the petitioners. Albert L. Gunston, Terry W. Vincent, and Steven J. Sibley for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: Petitioners filed a motion to vacate and *205 motion for reconsideration of the (1) opinion issued on March 28, 1989 ( Bolton v. Commissioner, 92 T.C. 656 (1989)) and the (2) order dated March 29, 1989, issued pursuant to the opinion. In its opinion, the Court, in consideration of respondent's motion to extend the time for filing his answer, determined that petitioners' counsel's violation of Rule 33(b) may have contributed to respondent's failure to file a timely answer. Thus, the Court granted respondent's motion and permitted the answer to be filed. In their motion for reconsideration and accompanying memoranda, petitioners argue that the Court committed error as follows: (1) That the Court should have granted petitioners' request for a hearing in Los Angeles; (2) That the Court erroneously determined that petitioners violated Rule 33(b) in alleging that the statute of limitations expired; and (3) That the Court erroneously determined that respondent was required to affirmatively plead a defense to the statute of limitations. Place of Hearing
In paragraph 10 of petitioners' notice of objection filed August 18, 1988, petitioners state as follows: If a hearing is necessary on respondent's *206 motion and this motion [sic], petitioners request that it be set in Los Angeles, California. After respondent filed a written response, the Court set respondent's motion for hearing in Washington, D.C., pursuant to Rule 50(b)(2). Neither petitioners nor their counsel appeared at the hearing; however, petitioners' counsel submitted a written statement pursuant to Rule 50(c). [2] Petitioners did not file an objection to the hearing being held in Washington, D.C., or a motion to change the place of hearing, nor did petitioners indicate that they desired an evidentiary hearing. The Court did not receive evidence at the hearing, but merely heard argument. The Court took respondent's motion under advisement. Rule 50(b)(2) provides as follows: The Court may take action after directing a hearing, which normally will be held in Washington, *207 D.C. The Court may, on its own motion or upon the written request of any party to the motion, direct that the hearing be held at some other location which serves the convenience of the parties and the Court. In support of their argument, petitioners cite Maxfield v. Commissioner, 153 F.2d 325 (9th Cir. 1946), revg. an unpublished order of this Court. In Maxfield v. Commissioner, supra, the Government filed a motion to dismiss for lack of jurisdiction based on an untimely petition. The taxpayers argued that the notice of deficiency was not sent to their last known address and specifically asked for a hearing in Los Angeles. The Tax Court denied the taxpayers a hearing in Los Angeles and ultimately dismissed the case for lack of jurisdiction. The Court of Appeals for the Ninth Circuit reversed the Tax Court and held that the taxpayer had a right to a hearing in Los Angeles on the question of last known address. The Ninth Circuit relied in part on former Tax Court Rule 26 which stated in part as follows: In case it is necessary for the Court to hear the parties on matters other than the merits, such hearing will be held in Washington unless *208 good cause is shown for holding it elsewhere. The Ninth Circuit held that there was "good cause" and therefore it was an abuse of discretion not to grant the taxpayers' request. Rule 50(b)(2) does not use the phrase "good cause" as did former Rule 26. The test of Rule 50(b)(2) is whether the hearing in some other location "serves the convenience of the parties and the Court." Thus, there is some doubt about the application of Maxfield v. Commissioner , supra. However, we need not decide whether Maxfield v. Commissioner, supra, applies in this case because there are other substantial bases for deciding this issue. Petitioners did not advise the Court that they wanted to submit evidence with respect to the pending motion. The parties were made aware of each opposing party's position in the written submissions to the Court. The assertions of fact made by the opposing parties did not differ in any material respect. At the hearing held in Washington, D.C., respondent's counsel presented argument. The Court did not receive evidence. The Court took the matter under advisement to consider the respective arguments of the parties. Petitioners *209 have not explained how they were deprived of the ability to adequately present their position or how they were otherwise prejudiced by the hearing in Washington, D.C. The Court did not make any findings of fact based on the hearing. Rather, the factual assertions made by petitioners in their written submissions were accepted in the light most favorable to them. Petitioners have failed to point to any adverse findings of fact in this record. After the opinion was rendered, petitioners included an offer of proof as part of their motion to vacate. There are no facts asserted in petitioners' offer of proof which, if the Court accepts as true, would change the result herein. We will further discuss these asserted facts with the discussion of the issue relating to Rule 33(b). Rule 33(b)
In their response filed June 27, 1989, petitioners assert that they did not violate Rule 33(b). Petitioners further argue that the Court has imposed a sanction on them by allowing respondent to file his answer. Petitioners note the following as an offer of proof: (1) The notice of deficiency was issued more than 3 years after the normal due date of the return. (2) No late filing addition *210 was determined in the notice of deficiency. (3) Petitioners' copy of the Federal income tax return did not reflect the date of signing or filing the return. (4) Petitioners did not have any evidence or proof as to date of filing. (5) Counsel was unable to contact petitioners to inquire as to the date of mailing. (6) Counsel's experience with taxpayers is that it is unlikely that a taxpayer could recall the exact date of mailing a return. (7) Neither petitioners nor counsel have seen the original tax return as filed. Accepting petitioners' offer of proof as established fact does not lead us to a conclusion different than that in our initial opinion. The Court imposed no sanction on petitioners in this case. The Court was faced with a question of whether respondent should be permitted additional time to file his answer. In support of his motion, respondent alleged that petitioners' pleadings violated Rule 33(b) in that certain allegations in the petition were not well grounded in fact and not formed after reasonable inquiry. Respondent asserted that petitioners' pleading of the statute of limitations caused him to need additional time to obtain information to adequately *211 respond in his answer. The Court was required to decide whether petitioners contributed to the delay experienced by respondent in filing his answer. The Court concluded that the allegations made by petitioners in the petition that the statute of limitations had expired may have contributed to the delay. Bolton v. Commissioner, supra at 660, 661. Petitioners insist that it was not unreasonable for them to allege that the statute of limitations had expired. We do not agree. As we explained in our opinion, petitioners filed the petition in this case some 22 days after issuance of the notice of deficiency. Counsel for petitioners had ample time to make reasonable inquiry as to whether the notice of deficiency was timely issued. In fact, petitioners do not appear to dispute respondent's allegation that the 1984 tax return was filed on October 15, 1985. The notice of deficiency was issued on May 26, 1988. It is difficult to believe that a reasonable inquiry would not have revealed the date of filing of the 1984 return. While counsel for petitioners does not argue that petitioners' return was not filed on October 15, 1985, he continues to protest that respondent *212 has yet to establish the filing date of the return. Petitioners seek to confuse and complicate what should be a relatively simple matter. Respondent has pleaded in his answer (filed subsequent to our opinion) that the 1984 return was filed on October 15, 1985. Respondent attached a copy of a document to his answer purporting to be a copy of petitioners' 1984 return. The copy of the purported return reflects a stamped received date of October 15, 1985. Also attached to the purported return is an application for automatic extension (Form 4868) and application for extension (Form 2688). This latter document requests an extension until October 15, 1985. Both documents contain what appears to be the signature of the preparer of the return, Dale L. Prince, C.P.A. The second extension reflects a date next to the C.P.A.'s signature of August 14, 1985. In all the time that has passed, petitioners have not argued that their 1984 return was filed on a date different than that as alleged by respondent. While petitioners' counsel alleges that he was unable to ascertain from his clients the filing date of the return, he fails to indicate what steps he took to reasonably inform himself *213 of the date of filing other than his inability to communicate with his clients (petitioners herein). In this regard, while petitioners allege that their copy of the 1985 tax return was undated, no mention is made of the two purported applications for extensions. Petitioners do not suggest that copies of the extensions were not attached to petitioners' copy of the return. A quick look at the extension would have put counsel on notice that the return was not filed prior to August 14, 1985. Petitioners' counsel did not indicate that he attempted to communicate with the C.P.A. who prepared the return. This was another obvious source of information to determine the filing date. Petitioners' counsel did not advise the Court as to the extent of his engagement with petitioners in relationship to the examination of the return. Petitioners' counsel has been given ample opportunity to present argument and assert facts in this regard. Rule 33(b) requires some inquiry into both the facts and law at the time the petition is filed. Versteeg v. Commissioner, 91 T.C. 339, 341 (1988). In determining what constitutes reasonable inquiry, one factor is how much time for investigation *214 was available to the signor. 28 U.S.C.A. 391, Fed. R. Civ. P. 11, Advisory Committee's Note, 1983 amendment (Supp. 1988). Based on this record, we are still satisfied that petitioners' counsel had ample time to make a reasonable inquiry to determine the date of the filing of the 1984 return. Petitioners' counsel's unsuccessful communication with his clients does not constitute reasonable inquiry where petitioners' counsel had more than 2 months remaining to make further inquiry. Counsel for petitioners failed to establish that he made reasonable inquiry or that his pleading was in good faith and well grounded in fact. 3. Respondent's Affirmative Pleading
Petitioners argue that contrary to the opinion of the Court, respondent was not required to make affirmative allegations in his answer in response to petitioners' allegations that the statute of limitations had run. Petitioners point out that Rule 36(b) requires affirmative statements as follows: In addition the answer shall contain a clear and concise statement of every ground together with the facts in support thereof on which the Commissioner relies and *215 has the burden of proof. * * * Petitioners further argue that respondent does not have the burden of proof with respect to the statute of limitations issue and, accordingly, he was not required to affirmatively plead. Thus, petitioners conclude that the raising of the statute of limitations issue is an affirmative defense which must be affirmatively pleaded but that there was no requirement for respondent to affirmatively respond in his answer. Petitioners raised the statute of limitations in their petition. This is an affirmative defense. There is no question but that petitioners have the burden of proof on this issue. However, since petitioners made allegations that the notice of deficiency was issued beyond the normal applicable statute of limitations, petitioners pleaded a prima facie case on this issue. Thus, if petitioners' allegations were substantiated, then the burden of going forward with the evidence would shift to respondent. Respondent might be required to prove that some exception to the normal statute of limitations applies. Adler v. Commissioner, 85 T.C. 535, 540 (1985). In the answer which the Court permitted to be filed, respondent *216 pleaded that the 1984 return was filed on October 15, 1985, pursuant to the two extensions previously filed. Thus respondent alleges that the notice of deficiency was issued within 3 years of filing the return. In order for respondent to advise petitioners and the Court fully of the nature of his defense, it was appropriate for respondent to plead his defense to petitioners' statute of limitations allegations. See Rules 39 and 40. To properly respond to the statute of limitations allegations, respondent was required to obtain more information than he might have otherwise required in the preparation of his answer. We properly granted respondent's motion seeking additional time to file his answer since the statute of limitations allegations may have contributed to the delay in filing the answer. Based on the foregoing, petitioners have failed to convince us that there is substantial error in our opinion. Robin Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974). An order will be issued denying petitioners' motion for reconsideration and motion to vacate. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Rule 50(c) provides as follows: Attendance at Hearings: If a motion is noticed for hearing, a party to the motion may, prior to or at the time for such hearing, submit a written statement of his position together with any supporting documents. Such statement may be submitted in lieu of or in addition to attendance at the hearing.↩