WALTER A. SCHAEFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaefer v. Commissioner
Docket No. 19819-89
United States Tax Court
T.C. Memo 1991-426; 1991 Tax Ct. Memo LEXIS 475; 62 T.C.M. (CCH) 635; T.C.M. (RIA) 91426; August 28, 1991, Filed *475 Larry N. Johnson, for the petitioner. Thomas N. Tomashek, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION On April 16, 1990, in a Memorandum Opinion ( T.C. Memo 1990-195), we granted petitioner's Motion to Dismiss for Lack of Jurisdiction, holding that respondent's notice of deficiency was invalid because it was not mailed to petitioner at his last-known address. On May 21, 1990, petitioner filed petitioner's Motion for an Award of Reasonable Litigation Costs pursuant to section 7430 [1] and Rule 231. On June 22, 1990, respondent, pursuant to this Court's Order, filed Respondent's Objection to Petitioner's Motion for Award of Litigation Costs. On August 14, 1990, petitioner filed Petitioner's Response to Respondent's Objection to Petitioner's Motion for Award of Litigation Costs. On August 21, 1990, respondent filed Respondent's Objection to Petitioner's Response to Respondent's Objection to Petitioner's Motion for Award of Litigation Costs. *476 The findings of fact made in T.C. Memo 1990-195 are incorporated herein by this reference. They will not be repeated here except as is necessary to dispose of this motion. Section 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (applicable to proceedings commenced after November 10, 1988), provides that the prevailing party may be awarded a judgment for reasonable administrative costs incurred in connection with administrative proceedings within the Internal Revenue Service (IRS) and reasonable litigation costs incurred in connection with the court proceedings. In general, any party in the proceedings is considered the prevailing party only if it is established that (1) the position of the United States in the proceedings was not substantially justified; (2) the party substantially prevailed with respect to the amount in controversy or with respect to the most significant issue(s) presented; and (3) the party in question has a net worth not in excess of $ 2 million at the time the proceedings were commenced. Sec. 7430(c)(4)(A). However, a judgment for reasonable litigation costs will not be *477 awarded unless we determine that the prevailing party had exhausted the administrative remedies available within the IRS prior to commencing an action in this Court. Sec. 7430(b)(1). Also, no litigation costs will be awarded with respect to any portion of the court proceedings during which the prevailing party unreasonably protracted such proceedings. Sec. 7430(b)(4). Respondent concedes that petitioner has substantially prevailed with respect to the amount in controversy. Respondent also concedes that petitioner exhausted the administrative remedies available and did not unreasonably protract the proceedings. On July 29, 1991, the parties filed a Stipulation of Petitioner's Net Worth whereby the parties agreed that petitioner's net worth as of August 11, 1989, did not exceed $ 2 million. Thus, the issues remaining are (1) whether respondent's position in the proceedings was not substantially justified, and (2) if petitioner qualifies as the prevailing party, whether the litigation costs claimed are reasonable. Petitioner has the burden of proof. Rule 232(e). For reasons stated below, we find respondent's position, as of the date of the mailing of the notice of deficiency *478 and adhered to throughout the duration of this case, to be unreasonable. [2] Further, we find petitioner is entitled to an award of reasonable costs in the amount of $ 19,304.91. Unreasonableness
In order to determine whether or not respondent's position was reasonable, we must determine when respondent's position was established. The court proceeding in this case was commenced on August 11, 1989, and, therefore, section 7430(c)(7) [3] is applicable. Pursuant to section 7430(c)(7), the position of the United States is the position taken by respondent in the court proceeding (section 7430(c)(7)(A)). *479 Since the issue in the court proceeding involved whether respondent mailed the notice of deficiency to petitioner's last-known address, we must begin by determining what respondent knew at the time the notice of deficiency [4] was issued. In this case, respondent knew the Maple Valley address, the address on petitioner's most recently filed return, [5] was not petitioner's current address. Respondent knew this because, during respondent's criminal investigation from April 1979 through June 1982, petitioner consistently represented to respondent that the Kent address was the address to which respondent should send any communications concerning tax matters. In fact, sometime after March 29, 1985, respondent's computer records were changed to show petitioner's last known address was the Kent address. Respondent also knew that as of April 1987 the Kent address was no longer petitioner's current address. He knew this because the revenue agent responsible for the examination of years subsequent to those involved in this case (Agent Reid) actually visited the Kent address and found it boarded up and not occupied. Also, as of May 1987, Agent Reid knew that certified mail addressed *480 to the Kent address had been returned undeliverable with an indication that the forwarding time had expired. A sticker placed on the outside of the returned envelope contained the Federal Way address. Further, Agent Reid knew that certified mail, on several occasions, had been successfully delivered to petitioner at the Federal Way address. In fact, respondent sent all subsequent correspondence to petitioner at the Federal Way address, except the notice of deficiency which was sent to the Kent address. Finally, Agent Reid knew that this notice of deficiency had been held up in the Notices Section pending the completion of his examination. Yet, he never communicated the new address information to the Notices Section of the IRS, and he did not update the IRS computers until just after the notice of deficiency was mailed. This is despite the fact that the Chief of the Notices Section contacted Agent Reid on the telephone to ascertain whether the subsequent years' examination was still under way and to determine whether referral of the case for criminal prosecution was likely. This communication occurred after Agent Reid became aware of the new address information but prior to *481 the issuance of the notice of deficiency. According to the case law, respondent is entitled to treat the address which appears on the most recently filed return as the taxpayer's last-known address, absent clear and concise notification of a different address. Abeles v. Commissioner, 91 T.C. 1019 (1988). However, once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the current address. Pyo v. Commissioner, 83 T.C. 626, 633 (1984); see also Maxfield v. Commissioner, 153 F.2d 325, 326 (9th Cir. 1946), revg. an order of dismissal of this Court; Keeton v. Commissioner, 74 T.C. 377, 382 (1980). Here respondent did not *482 rely on the address appearing on the most recently filed return, petitioner's 1973 return. Rather, through his examinations, he became aware of the Kent address and subsequently the Federal Way address. Therefore, the focus shifts to whether respondent exercised reasonable care and diligence in ascertaining and mailing the notice of deficiency to petitioner's current address. In T.C. Memo 1990-195, we held respondent did not exercise such care. Moreover, respondent's above-referenced objections do not focus on whether respondent exercised reasonable care. Rather, respondent attempts to have the Court focus solely on what petitioner failed to do. Upon review of the entire record, we would agree that petitioner's failure to affirmatively notify respondent in any way of the change in address is reproachable. However, such failure does not lessen the degree of care respondent must use in ascertaining and mailing the notice of deficiency to petitioner's last-known address. In fact, had Agent Reid communicated the new address information to the rest of his division (information of which he had been aware for nearly a year prior to the mailing of the notice of deficiency), the notice *483 of deficiency most likely would have reached petitioner irrespective of petitioner's failure to notify respondent. Of course, we do not mean to imply that respondent must track down all taxpayers who move without affirmatively notifying the IRS of their new address. But when respondent's revenue agent responsible for the examination of petitioner's subsequent years has actual knowledge of the building at petitioner's previous address being boarded up and unoccupied, together with successful communication with petitioner at his new address, respondent's revenue agent must communicate the new address information to those in his division responsible for issuing a notice of deficiency to petitioner. To take a contrary position is inconsistent with the case law and unreasonable. Reasonableness of Costs
Respondent makes only two arguments with regard to the reasonableness of the costs claimed. First, respondent argues petitioner has not provided any justification for the $ 1,423.75 in witness fees. We disagree. Petitioner's expert, who has extensive prior experience with the IRS, [6] was retained for the purpose of assisting in developing and reviewing the facts, preparing *484 for and taking depositions of certain IRS employees, providing deposition testimony, and assisting petitioner's attorneys in briefing. Accordingly, we find the $ 1,423.75 witness fee reasonable. Second, respondent argues petitioner has not established specific factors justifying attorney fees in excess of $ 75.00 per hour. Section 7430(c)(1)(B)(iii) defines reasonable litigation costs to include *485 attorney's fees paid or incurred in connection with a court proceeding, except such fees shall not exceed $ 75 per hour absent special factors justifying a higher rate. [7] We have reviewed the entire record including the affidavits submitted on petitioner's behalf but do not find justification for a higher rate. Pierce v. Underwood, 487 U.S. 552, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988); Stieha v. Commissioner, 89 T.C. 784, 792 (1987). Finally, upon review of the record, we find the remaining litigation costs claimed reasonable. Therefore, we award the following litigation costs: Attorney's fees (228 [8] hours at $ 75)
$ 17,100.00
Expert witness fees
1,423.75
Tax Court filing fee
60.00
Deposition costs
587.02
Long Distance telephone costs [9]
6.74
Copying Costs [9]
127.40
$ 19,304.91
*486 An appropriate order will be issued.
Footnotes
1. Except as otherwise provided, all section references are to the Internal Revenue Code as amended and in effect for the relevant period, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The "substantially justified" standard is not a departure from the "reasonableness" standard applied under section 7430 prior to amendment by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752. Sokol v. Commissioner, 92 T.C. 760, 764↩ n.7 (1989).
3. Section 7430(c)(7) applies to proceedings commencing after November 10, 1988. A court proceeding commences on the date the petition is filed.↩
4. The notice of deficiency involved petitioner's taxable years 1974 through 1978. It was mailed to petitioner on March 22, 1988. ↩
5. Petitioner's most recently filed return is his 1973 tax return, filed on June 3, 1974.↩
6. Prior to engaging in the private practice of accounting as a certified public accountant, petitioner's expert was a revenue agent with respondent from 1973 through 1980. From 1980 to 1987, petitioner's expert was employed in the Seattle Examination Division of Respondent working in quality review as a fraud coordinator, penalty coordinator, review coordinator, and a technical coordinator. His functions included setting up procedures for reestablishing the Seattle Notices Section in 1985, and he was one of the primary coordinators in the Seattle Notices Section for reviewing and issuing statutory notices of deficiency.↩
7. Petitioner did not request a cost of living adjustment.↩
8. Respondent did not contest the number of hours claimed. Upon review of petitioner's summary of legal services rendered attached to petitioner's Motion for Award of Reasonable Litigation Costs, we find the number of hours claimed reasonable in light of the issues involved. ↩
9. Respondent did not contest the long distance telephone costs and the copying costs. Therefore, we consider these de minimis amounts conceded.↩