T.C. Memo. 1997-489


UNITED STATES TAX COURT


HAROLD L. PERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15108-97.              Filed October 29, 1997.


<u>Jordan Musen</u>, for respondent.


MEMORANDUM OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) of the
Internal Revenue Code, and Rules 180, 181, and 182,[1] and is
before the Court on respondent's Motion to Dismiss for Failure

---

[1]Rule references are to the Tax Court Rules of Practice and
Procedure.

to State a Claim Upon Which Relief Can Be Granted, filed September 2, 1997, and petitioner's Motion to Change Place of Hearing, filed October 7, 1997. Both motions were heard at the Court's Motions Session in Washington, D.C., on October 8, 1997.

## Background

On February 7, 1997, respondent mailed a letter to petitioner advising him that respondent had no record of having received a Federal income tax return from him for the year 1991. In this letter respondent: (1) Suggested that petitioner file a 1991 return, or explain why he was not required to do so; and (2) invited petitioner to provide any information that petitioner wanted respondent to consider in connection with the matter.

Apparently in response to respondent's February 7 letter to him, petitioner sent a letter to respondent, dated March 3, 1997. Petitioner's March 3 letter consists of three printed pages of 32 questions or statements, many of which include references to Supreme Court or other Federal Court citations ostensibly in support of, or authority for, the specific question or statement. Question number 31 requests that respondent "prove to this Citizen how the IRS Commissioner has jurisdiction over any subject matter concerning this Citizen". In the final paragraph of the letter, petitioner states, "this Citizen hereby pleads and does give notice that the IRS Commissioner has an absence of jurisdiction over this Citizen's person".

On April 11, 1997, respondent issued a notice of deficiency to petitioner determining a deficiency in, and additions to, his Federal income tax for 1991. In the notice of deficiency respondent determined that petitioner failed to file a Federal income tax return for 1991 and report thereon certain income (as reported to respondent by various payers) received by him during that year.

In response to the above-mentioned notice of deficiency, on July 14, 1997, petitioner filed a timely petition with the Court. He was residing in Oakland, California, at that time. In the petition, petitioner: (1) Admits that he did not file a Federal income tax return for the year 1991; (2) alleges that he has been denied the opportunity to meet with respondent to discuss his tax liability for that year; and (3) alleges that respondent failed to respond to his March 3 letter, in which he "requested information" from respondent. The petition does not assign error to any of the adjustments made in the notice of deficiency, nor contain any allegations of fact in support of any assignments of error. In the prayer for relief, petitioner requests "that this matter be referred back to the Commissioner with instructions that the Commissioner respond to * * * [his] request for information". Petitioner's March 3 letter is attached to, and incorporated by reference into, the petition.

On September 2, 1997, respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. By order dated September 4, 1997, petitioner was directed to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based. In addition, the order provided that respondent's motion would be called for hearing in Washington, D.C., on October 8, 1997. In this regard petitioner's attention was called to Rule 50(c).[2]

Petitioner did not file an amended petition. Neither did he submit a written statement pursuant to Rule 50(c). Instead, on October 7, 1997, petitioner filed a Motion to Change Place of Hearing in which he requested that the hearing be held in San Francisco, California, because he could not afford to travel to Washington, D.C.

## Discussion

### Petitioner's Motion

Rule 130(a) provides that if a hearing is to be held on a motion, then such hearing ordinarily will be held in Washington,

---

[2]Rule 50(c) provides: If a motion is noticed for hearing, then a party to the motion may, prior to or at the time for such hearing, submit a written statement of such party's position together with any supporting documents. Such statement may be submitted in lieu of or in addition to attendance at the hearing."

D.C., at the Court's weekly motions session.  To suit the convenience of the parties and the Court, the Court may on its own motion, or pursuant to the written request of any party to the motion, direct that the hearing be held at a location other than Washington, D.C.  Rule 50(b)(2).

In this case petitioner has made no showing that an evidentiary hearing is necessary with respect to respondent's motion.  See generally Maxfield v. Commissioner, 153 F.2d 325, 327-328 (9th Cir. 1946) (construing a Rule of this Court no longer in effect); Bolton v. Commissioner, T.C. Memo. 1990-181. Given the nature of respondent's motion, and considering the representations, allegations and prayer for relief made in the petition, it is clear to us that any opposition petitioner might have to respondent's motion would not depend upon the introduction of evidence, but rather would consist of argument(s) that could have been submitted in a written statement.  We understand that the expenses involved in traveling from San Francisco to Washington, D.C. might have effectively prevented petitioner's attendance at the hearing, but our Rules clearly provide that his attendance was not required.  Rules 50(c), 130(b).  Petitioner was advised of the opportunity to submit a written statement in lieu of his attendance at the hearing in Washington, D.C. (and given the opportunity to file an amended petition), and he has failed to so.  Changing the place of the

hearing in this matter from Washington, D.C. to San Francisco, as requested in petitioner's motion filed one day prior to the date of the scheduled hearing, would serve no purpose but to delay the resolution of respondent's motion. Consequently, petitioner's motion will be denied.

Respondent's Motion

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). Although petitioner states that he disagrees with respondent's determinations, there is neither assignment of error nor allegation of fact in support of any assigned error. After having been provided the opportunity to do so, petitioner failed to file a proper amended petition as he was directed to by the Court. The allegations contained in the petition that petitioner has not had an opportunity to meet with respondent to discuss his 1991 Federal income tax liability and that respondent has failed to respond to

his request for information do not present justiciable issues. Furthermore, the Court does not have the power to grant the unusual relief requested in the petition.

Because the petition fails to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss.  See Rules 34(a)(1), 123(b); <u>Scherping v. Commissioner</u>, 747 F.2d 478 (8th Cir. 1984).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.